Newhall *v.* Union Mutual Fire Insurance Co.

---

*A. Sanborn*, for the defendant.

*J. A. Peters*, for the plaintiff.

---

STEPHEN NEWHALL *versus* UNION MUTUAL FIRE INS. CO.

A bond for the conveyance of land, upon the payment of a sum of money at a specified time, is not an incumbrance upon premises insured, if the time has expired and the money has not been paid, even if the obligor has verbally waived the time.

Where the application represented that one stove was used in the building insured, and another stove was subsequently put in and used without notice; and the by-laws of the defendant company provided that "if the risk shall be increased by the insured or others by any change of the circumstances disclosed by the application," &c., "the policy shall be void;"— *Held*, that it is incumbent on the defendant company to show that the addition of the second stove increased the risk, if they would avoid the insurance.

Newhall *v.* Union Mutual Fire Insurance Co.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding. ASSUMPSIT on a policy of insurance against fire.

*Gould & Robinson*, for the plaintiff.

*Thacher & Brother*, for the defendants.

The facts sufficiently appear in the opinion of the Court.

The opinion of the Court was drawn by

RICE, J.—Two objections only are relied upon by the defendants to defeat the plaintiff's recovery. The first has reference to his title to the premises insured. In his application, the plaintiff avers that the property insured was his, and that it was not incumbered.

The evidence shows that the legal title was in the plaintiff at the date of the application, and at the time of the fire. Some years before the application, the plaintiff had executed a bond, in which he had obligated himself to convey the premises on certain conditions therein specified. This bond had expired before the application, by its terms, its conditions not having been performed, but the evidence shows satisfactorily that the conditions thereof, so far as time was concerned, have been waived by the plaintiff, and that the obligee, both at the time of the application and of the fire, had a subsisting right under the bond.

Did the existence of this bond divest the plaintiff of his title, or create an incumbrance upon the estate?

An incumbrance is an embarrassment of an estate or property, so that it cannot be disposed of without being subject to it. Bouv. Law Dict. *Incumber*, to load with debts; as an estate is incumbered with mortgages, or with a widow's dower. Web. Dict. *Incumbrancer*, one who has an incumbrance or legal claim on an estate. Ib.

In mutual insurance companies, a lien is created upon the estate insured, for security of the premium note. That only can be deemed an incumbrance on such estate which interferes with and puts in jeopardy this lien. It must be something that attaches to the estate and affects the title.

In the case at bar the plaintiff had the absolute title to the estate. He had given a bond, it is true, to convey the estate upon certain conditions which have not been performed. That bond does not purport to convey the estate, and is at most a personal contract that, in certain contingencies, the plaintiff will convey. This may have created an equitable interest in favor of the obligee in the bond, but did not constitute an incumbrance upon the estate, within the meaning of the contract of insurance, by which the lien of the company could be defeated. *Smith* v. *Bowditch M. F. Ins. Co.*, 6 Cush., 44; *Lowell* v. *Essex M. F. Ins. Co.*, 8 Cush., 127; *Brown* v. *Williams & Tr.*, 28 Maine, 252.

The case of *Chase* v. *Hamilton M. F. Ins. Co.*, 22 Barb. S. C., 527, is supposed, by defendants' counsel, to be in conflict with the cases cited above. In that case, the insured in his application represented the property insured as his. The evidence showed that at the time of the application he held a bond for the conveyance of the land, on which the buildings insured had been erected by himself, the conditions of which bond had been fully performed. The Court in their opinion remark:—"He was not a purchaser in possession bound to pay the purchase money before he could demand a conveyance. He had paid the entire consideration for the purchase, and was in possession, and could maintain that possession (under the code) even against those in whom the technical legal title was vested." That presents an entirely different case than the one at bar.

Then there is no such misrepresentation of title, even though those representations be deemed warranties, as will defeat the plaintiff's right to recover.

The next objection is that there was a misrepresentation in the application as to the number of stoves in the house.

The fifth interrogatory is as follows:—The number of stoves, and fire-places, and how stoves and funnels are secured? Ans. One stove.

The original application was made by the obligee in the bond in the name and on behalf of the plaintiff. At the

Newhall *v.* Union Mutual Fire Insurance Co.

trial the plaintiff testified that he did not know whether or not there was more than one stove in the house at the date of the application. Almond, the tenant and obligee in the bond, did at one time put in a new stove. The fire did not take in the chimney to which this stove was attached. The new stove was a cook stove. That was attached to a separate chimney. The other had iron feet, and the feet sat upon blocks. The pipe went up through an iron plate into the chimney. This was a short chimney built only from the upper floor.

In a letter from the plaintiff, to the defendants, dated in August, 1857, he says, "The exact cause of the fire I could not exactly tell. There had been fire in one of the stoves to cook dinner. His, (tenant's) wife, was, at the time the fire was discovered, at one of the neighbors. He was in the field with two of his children. They first discovered the fire. There was no one but an infant in the house at the time. There has been air tight stoves used in the house. They may have caused some fissure in the chimney, the only apparent cause of the fire."

This is all the evidence the case presents tending to show that there was or had been more than one stove in the house at any one time. It does not establish the fact affirmatively, though such an inference may legitimately rise therefrom. We think it may fairly be inferred that the new stove, the cook stove, had been ordered since the insurance. Assuming that fact to be proved, how does the case stand?

Art. 17 of the by-laws of the company provides that the applicant for insurance shall make a true representation of the situation of the property on which he requests insurance, so far as concerns the risk and value thereof, and of his title and interest therein.

There is no complaint that he did not truly represent the situation of the property, so far as the risk was concerned.

Art. 19 provides, if the risk on any property insured by said company shall be increased by the insured, or others, by any change of the circumstances disclosed by the appli-

cation, or by the erection or alteration of any building, the carrying on of any hazardous trade, operations or process, or the deposit of any hazardous goods in or near the same, the policy thereon shall be void, unless an additional premium and deposit shall be settled with, and paid to the company.

Sec. 14 of the charter refers to alterations and enlargements of the buildings insured, and is not applicable to this case.

The material question then is, did the introduction of the new cook stove increase the risk of the property insured?

This presents simply a question of fact to be determined by the evidence. Smith v. Ins. Co., 12 Harris, (Penn.,) 320 ; Herrick v. Union M. F. Ins. Co., 48 Maine, 558.

It cannot be assumed as matter of fact, or as an implication of law that, by the substitution of a cook stove in place of an open fire, the risk of fire is thereby increased. The burden of showing such increased risk is on the party holding the affirmative, which, in this case, is the defendant. There is nothing in the testimony which shows or tends to show any such increase of risk in this case.

No other points are presented on which a defence can be established.

The default must stand, and judgment be rendered for three hundred dollars, with interest after three months from notice of the loss, which was August 1st, 1857.

APPLETON, C. J., CUTTING, DAVIS, WALTON and BARROWS, JJ., concurred.