EDWARD A. LITTLE, administrator, *vs.* THOMAS THURSTON.

*Bond for conveyance of land.  Promissory note.*

Where the obligor of a bond, for the conveyance of certain land to the obligee, upon the latter's payment of certain notes, at maturity, conveys away the land, upon the failure of the obligee to pay the notes according to their tenor, the administrator of the estate of the obligor cannot enforce payment of them.

ON FACTS AGREED.

ASSUMPSIT on a promissory note, given by the defendant and one Washington Garland, dated Nov. 4, 1861, for $112.50, payable in one year, with interest.   The plaintiff discontinued as to Garland.

It appeared that the note in suit, and one other of like amount and date, payable in two years, were given Nov. 4, 1861, by Washington Garland to Edward T. Little, in his life-time, now deceased, for Little's bond of same date as the notes conditioned for the conveyance of a certain lot of land, of which Little then had the legal title, to Garland, provided the notes were paid at maturity, and if not so paid the bond was to be void.   The defendant signed the note in suit with Garland.

Neither Garland nor Thurston ever received any rents or profits from the land, it being timber land, situated in Errol, N. H.

The only consideration of the notes was the bond mentioned, which has never been surrendered, and the conditions of which have never been performed.   After breach of the conditions of the bond on the part of Thurston and Garland, Little conveyed away the land to other parties, and had no title thereto when this action was commenced.

After the conveyance by Little, he deceased, and the plaintiff was appointed and duly qualified as administrator of his estate.

The full court to render such judgment as the legal rights of the parties require.

*S. F. Gibson,* for the plaintiff.

The bond was a sufficient consideration for the notes. *Smith* v. *Sinclair,* 15 Mass. 171; *Reed* v. *Cummings,* 2 Greenl. 82; *Manning* v. *Brown,* 10 Maine, 49. There can be no claim for an equitable set-off, for nothing has been paid.

*E. Foster, jr.,* for the defendant, cited Edwards on Bills, etc., 329*; *Winter* v. *Livingston,* 13 Johns. 54; *Frost* v. *Frost,* 11 Maine, 235, 238; *Manning* v. *Brown,* 10 Maine, 49.

APPLETON, C. J. This was an action on a note, signed by the defendant and one Washington Garland, dated Nov. 4, 1861, and payable to Edward T. Little, or order, in one year from date. The consideration for the same was a bond of even date, given by said Little to said Garland, for the conveyance to him of a certain lot in Errol, N. H., to which said Little then had a good title, upon the condition that the notes described therein, of which the note in suit was one, were paid at maturity. The bond to be void if the notes were not so paid.

The land, mentioned in the bond, remained in the possession and under the control of the obligor. The notes of the obligee not being paid at maturity, the obligor conveyed away the land by deed. His administrator now seeks to enforce the notes referred to in the bond given to Garland, notwithstanding his intestate had, by deed, incapacitated himself from making the conveyance of the land stipulated by the bond to be conveyed.

The obligor, in a bond like the one in this case, has a right to require a strict compliance with its conditions on the part of the obligee, and, in case of non-compliance therewith, to enforce a forfeiture. The obligee, by a failure on his part, does not necessarily put an end to the contract and make it void. He only gives the obligor a right to terminate it if he choose. Or he may waive a strict compliance and continue it in force. Thus he may waive a forfeiture by receiving or enforcing payment of the notes of the obligee, and if he does so, the bond is held as still valid and obligatory.

In the present case the obligor, Edward T. Little, conveyed away

the land upon the failure of Garland to pay at maturity the notes, the consideration for which was his bond. This must be deemed an election, on his part, to insist upon a forfeiture, as he had a right to do. The bond, then, ceasing to be obligatory, there is no remaining consideration for the notes mentioned therein, and they cannot be enforced.

These views seem to be in accordance with the uniform current of authority, as well as with the equities of the case. In *Winter* v. *Livingston*, 13 Johns. 54, the facts were substantially the same as in the case at bar. In giving their opinion the Court say : " The notes in question were given as the consideration for the reconveyance of the land by Winter to Livingston, according to the covenant entered into between them. By this covenant, however, it was provided that the agreement was to be void, unless Livingston paid his notes as they fell due. He did not pay them ; and, of course, the agreement was void, if Winter elected so to consider it. And the case fully shows that he availed himself of this forfeiture, for he went on and sold the land for his exclusive benefit, and Livingston has, therefore, received nothing for his notes ; and Winter has a complete and perfect title to the lands." The nonsuit of the plaintiff, who sought to recover the amount due on the notes, was sustained. In *Frost* v. *Frost*, 2 Fairf. 239, this court held that after taking the land, the plaintiff could not enforce further payments, when he availed himself of a forfeiture arising for the defendant's neglect. In *Manning* v. *Brown*, 10 Maine, 49, the defendant relied on the case of *Winter* v. *Livingston*, but the court distinguished that case from the one then under consideration. " Manning," remarks Parris, J., " did not elect to consider the agreement void. He did not enter into or sell the land, but permitted the defendant to retain the undisturbed possession. He has not, therefore, availed himself of the forfeiture, but, by enforcing the payment of the notes, has waived it." This case cannot be regarded as adverse to the defense. In *Chandler* v. *Marsh*, 4 Vermont, 161, Hutchinson, C. J., in delivering the opinion of the court, says, " The bond was the security for the title when the full payment should be made.

The plaintiff has his remedy on each note, when payable, and the defendants cannot take away this right by any neglect of their duty, nor by any act of theirs, short of actual payment. The plaintiff might destroy his right of action by conveying away his title to the land, and rendering himself unable to convey such title to the defendants."

The plaintiff's intestate having elected to claim a forfeiture by having conveyed the land, his administrator cannot now enforce the payment of the note in suit. *Plaintiff nonsuit.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.