### EMELINE L. COOK *vs.* CHARLES WALKER.

Piscataquis. Opinion September 19, 1879.

*Dower in land held in common. Demand. Bond for conveyance of land.*

A widow is entitled to dower in land of which her husband was seized during coverture as tenant in common; her right comes exclusively from his interest as separate and distinct from that of the other tenant.

Demand must be made upon, and the action be against the tenant of the freehold of the interest in which dower is claimed, and not against the other tenant.

A bond, for the conveyance of land upon certain conditions unconnected with a deed, is merely a personal obligation, and conveys no interest in the land; and the obligee is not such a tenant, even though in possession, as will authorize him to set out dower therein.

ON FACTS AGREED.

Action to recover dower in certain land, one undivided half of which the demandant's husband was seized during their coverture.

It was agreed that the issue joined shall be sufficient for the raising and deciding of all questions of law which may arise in the case before full court. That the plaintiff was lawfully married to George Blake, July 20, 1869, and that plaintiff was divorced from him as alleged in the writ. George Blake was the owner in fee of both moieties of land described in writ for many years and up to December 4, 1868, at which time he conveyed one undivided half in common of the same, to defendant, Charles Walker, by warrantee deed, with usual covenants; said deed to Walker dated December 4, 1868, and duly recorded.

On the same 4th day of December, 1868, said George Blake

gave said Walker a bond for the conveyance of the other undivided half of the said real estate on condition to be performed in ten years. Said Blake has made no other conveyance of said land. The said Walker has occupied and carried on said land, being a farm, ever since said deed and bond to him, as is customary in the cultivation and management of farms, paying taxes thereon, said occupancy being by consent of said Blake, paying said Blake no rent nor promising to pay rent except so far as the payments on said bond may be regarded as rent. That plaintiff made a demand upon defendant for dower on the 11th day of December, 1877. No objection is made to the form of notice or the mode of its service. For the last four years next preceding this term, September, 1878, said Blake has resided openly and continually in said county of Piscataquis, including the time when said notice was given and writ made and served. For more than one-half of said four years this last passed, said Blake has lived with said defendant on said farm and land; said Blake was so residing with Walker when said demand was made on Walker. Said Blake is and has been the father-in-law of said Walker for about eighteen years. Since December 4, 1868, said Blake has not exercised any control upon the management of said farm. The plaintiff has never released her dower on said premises, nor barred herself thereof unless she did so by the paper, a copy of which marked "C" is hereto attached, which paper was executed by her and delivered to said Blake before her divorce from him. Since said divorce and before said demand upon Walker, plaintiff's name has been legally changed from Emeline L. Blake to Emeline L. Cook. Said Walker has never conveyed any of the estate as aforesaid conveyed to him by said Blake.

The parties to said action agreed to submit the same to the full court upon the foregoing statement of facts, and if the court are of opinion that the plaintiff is entitled to dower as claimed, then they are to give such direction as is proper, otherwise plaintiff to be nonsuited.

*Josiah Crosby*, for the plaintiff.

*A. G. Lebroke*, for the defendant.

DANFORTH, J.   The plaintiff in her writ claims dower in one undivided half of a certain lot of land therein described.   That the interest of one of the tenants in common in land so held is liable to dower is unquestioned.   Such a tenancy does not affect the right to dower though it may so far control the assignment as to require it to be set out as an undivided interest in the whole lot. *Blossom* v. *Blossom,* 9 Allen, 254.

Though in a process issuing from the probate court under the provisions of R. S., c. 65, § 19, the husband's interest may first be set off, and then the dower assigned by metes and bounds, there is no such provision relating to actions for the recovery of dower. *French* v. *Lord,* 69 Maine, 537.   Still whatever may be the final result as to the method of setting out the dower the plaintiff is entitled to her judgment therefor if she maintains her right.

This judgment must be such as to give her her interests in the estate of her former husband and not interfere with the rights of the co-tenant.   For this purpose the interests of the different tenants are separate and distinct, as much so as if they owned in severalty.   The widow obtains her title from her husband, and must therefore take her portion from his estate alone.   In this respect the tenant owning the part in which the widow is not entitled to dower is under no legal obligation to surrender any portion of his share, nor has he any right to, or control over the other share.   If upon demand he should set out dower in that part owned by the other tenant, it would not be binding upon him, nor would he be concluded by a judgment to which he was not a party.   The tenant of the husband's interests can alone set out the dower, and therefore the demand must be upon, and the action be against him ; and he must be the tenant of the freehold.   R. S., c. 103, §§ 17, 21.

Applying these principles to the case at bar and the solution is not difficult.

It is alleged in the writ that the husband was, during the coverture and at the time of the decree of divorce, an owner of one undivided half of the real estate described ; that at the time of the demand and at the date of the writ, the defendant was the tenant of the "freehold of said real estate."   The statement of facts shows then, that the allegation as to the husband's title is true ; but while

it shows that the defendant was at the time mentioned a tenant of the freehold of an undivided half of the estate, it shows also that it was not the same half of which the husband had been the owner during coverture, but in fact the other half. He derives his title to this half from the husband, but by a conveyance previous to the marriage. If therefore the undivided half in which dower is claimed is the same as that of which the defendant was the tenant of the freehold at the date of the writ, the action must fail for want of seizin in the husband while the marriage continued. If on the other hand dower is claimed in that half of which the husband was so seized, then, the action must fail for the demand was made upon, and the action brought against the wrong person. The facts show that the husband remained the tenant of the freehold up to the date of the writ, so that the defendant had no such interest in that part as would enable him to represent the husband's interest in this suit.

But the case further finds that the defendant had at the time a bond from the husband conditioned for the conveyance of his half upon certain terms which do not appear to have been complied with; and this bond is apparently relied upon as conveying such an interest in that half as will authorize the maintenance of this action. This, however, cannot be. The bond conveys no interest whatever in the land, nor does it purport to convey any. It is a personal obligation, in no respect touching the realty. It is not a bond of defeasance so connected with a deed of conveyance as to constitute a mortgage either in law or in equity, but simply a personal obligation to convey upon the fulfillment of certain conditions. It does not even give the right of possession. *Shaw* v. *Wise*, 10 Maine, 113. *Bailey* v. *Myrick*, 50 Maine, 178. *Newhall* v. *Union M. F. Ins. Co.*, 52 Maine, 180.

The defendant, therefore, in no way represented the undivided half in which the plaintiff is entitled to dower at the time the action was commenced. He should perhaps have availed himself of this defense by a plea in abatement, but the necessity of that is waived by the agreed statement in which it is provided "that the issue joined shall be sufficient for the raising and deciding of all questions of law which may arise in the case before the full court,"

even if any pleading were necessary under an agreed statement presenting the full case.

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.