SILAS W. NILES *vs.* ALFRED L. PHINNEY.

Franklin.    Opinion March 30, 1897.

*Action.    Contract.    Waiver.    Forfeiture.    Rescission.*

The defendant took a bond of the plaintiff in which it was agreed that the plaintiff should convey to the defendant certain land described in the bond, upon condition that he pay his notes mentioned in the bond. The defendant took and retained possession of the land with the plaintiff's consent four years, the notes having become due and remaining unpaid. The defendant voluntarily abandoned the premises and the plaintiff, resuming the possession and the ownership, brought an action to recover upon the notes.

*Held;* that neither the defendant's neglect or refusal to pay his notes, nor his voluntary abandonment of the premises could terminate or rescind the contract without the plaintiff's consent.

*Also;* that the plaintiff may waive a forfeiture for the defendant's breach of the conditions of the bond, and enforce payment of the notes.

*Also;* that the plaintiff having the right of possession until the notes were paid, his act of resuming possession after the defendant's voluntary abandonment, had no tendency to show an intention to waive a forfeiture of the bond.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*Frank W. Butler,* for plaintiff.

*J. W. Warren,* for defendant.

SITTING :   PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

WHITEHOUSE, J.   This is an action of assumpsit on four promissory notes.

It appears from the statement of facts accompanying the exceptions that three of the notes declared upon were received by the plaintiff as part consideration for a bond of certain real estate given by him to the defendant September 13, 1890 ; that after the bond was given the defendant entered into occupation of the property, with the consent of the plaintiff and remained in possession until September, 1894, when he voluntarily abandoned the premises, and the plaintiff resumed possession, the notes being then due and unpaid.

Thereupon it was contended that this act of the plaintiff in taking possession of the real estate described in the bond after the maturity of the notes, but before the commencement of this action, should be deemed an election on his part to insist upon a forfeiture of the bond rather than a compliance with its conditions, and that as to the notes in question, the action could not be maintained. But the presiding justice ruled otherwise and ordered a verdict for the plaintiff.   To this ruling the defendant excepted.

It is the opinion of the court that this ruling was correct.   No other conclusion would be justified by the facts stated.   The plaintiff's obligation to convey the real estate to the defendant upon payment of the price agreed, was a valuable consideration for

the notes given therefor. *Todd* v. *Whitney*, 27 Maine, 480. There is no evidence to warrant the inference that this consideration was ever impaired or modified by any act of the plaintiff.

The bond for the conveyance of the real estate was the plaintiff's personal contract, which conveyed to the defendant no estate in the land. It apparently contained no stipulation respecting the occupancy of the premises, and hence was ineffectual to give the defendant the right of possession, either before or after the maturity of the notes. Neither the defendant's neglect or refusal to pay his notes at maturity, nor his voluntary abandonment of the premises, could have the effect to terminate or rescind the contract without the plaintiff's consent. The plaintiff had the right, indeed, to request a strict compliance with the conditions of the bond and to enforce a forfeiture for breach of such conditions. He also had the right to waive a forfeiture of the bond, and enforce payment of the notes. He manifestly elected to pursue the latter course. He performed no act from which a contrary intention can be inferred. He had a legal right to the possession of the property until the notes were paid, but only exercised that right by resuming possession after the defendant's voluntary abandonment of the premises. The act of taking possession of his property under such circumstances has no tendency whatever to show an intention to waive the forfeiture. He still retained the title and was presumably ready and willing to perform the obligations of the bond on his part by conveying the land to the defendant upon payment of the notes. He has clearly not intended to avail himself of the forfeiture of the bond, but by seeking to enforce payment of the notes has waived it. *Manning* v. *Brown*, 10 Maine, 49; *Shaw* v. *Wise*, Id. 113; *Little* v. *Thurston*, 58 Maine, 86; *Cook* v. *Walker*, 70 Maine, 235; *Newhall* v. *Ins. Co.*, 52 Maine, 180.

*Exceptions overruled.*