## SHELTON v. WALLACE.

No. 3203.   Opinion Filed December 23, 1913.

(137 Pac. 694.)

**SPECIFIC PERFORMANCE**—Vendor and Purchaser—Rescission of Contract—Remedies of Vendor.   W. sold S. some city lots; they entered into a written contract in which S. agreed to pay for the lots on the installment plan, he giving his promissory notes, due monthly, for the deferred payments, he also going into possession. W. agreed to convey when all payments should be completed. The contract contained many other provisions, among which was one to the effect that, in case of default on the part of S. in the payments, W. might keep all money paid, not as a penalty for the breach of the contract, but as liquidated damages for the use of the premises.   S. decided to repudiate the contract, and refused to make payment of installments.   W. sued on the past due notes in justice court.   **Held:**

    (a)   That such an action would lie in W.'s favor.

    (b)   That such contract could not be rescinded except by consent of both parties.

    (c)   That W., in addition, might have specific performance as against S., but that he was not compelled to resort to that remedy before enforcing payment, in a court of law, of the unpaid installment notes.

    (d)   That W. is not confined to one action for damages for breach of contract, but that that part of the contract providing for the installment notes was an independent and not a dependent or concurrent covenant, and, as such, could be enforced in an independent action.

(Syllabus by Robertson, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by J. L. Wallace against D. M. Shelton on a promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. E. Gish* and *Dumars & Vaught,* for plaintiff in error.

*J. V. Cabell,* for defendant in error.

Opinion by ROBERTSON, C. On June 30, 1910, D. M. Shelton and J. L. Wallace made and entered into the following contract:

"Contract with J. L. Wallace for lots in McCann's South Highland Addition to Oklahoma City, Oklahoma. I hereby contract for the purchase of Lots 35, 36, 37, 38, 46, 47, 48 in Block No. 16 in McCann's South Highland Addition to Oklahoma City, Oklahoma, on the following terms and conditions: The price of each lot shall be $162.50 which I agree to pay as follows: $40.00 cash in hand paid to agent, receipt of which is hereby acknowledged, and $5.00 per lot each month until the full amount of the purchase price is paid in full at the office of The State Bank at Capitol Hill, Oklahoma. The buyer hereby on his or her part agrees that if default is made on any payment herein provided for that then all payments heretofore made shall be forfeited to J. L. Wallace at his option without notice, not as a penalty, but as compensation for the use of said property up to such time, and as liquidated damages for the breach of this agreement and thereupon this agreement shall be of no further force and effect and becomes null and void, and it is agreed that the possession of said property shall forthwith be surrendered to J. L. Wallace. Provided that if any purchaser shall become disabled by accident or sickness there shall be no forfeiture during times he is so disabled, and in case of death a receipt in full and deed will be executed to the heirs of the applicant without further payment. In consideration of the faithful performance of the agreement, herein set forth by the buyer herein, J. L. Wallace agrees and binds himself to execute and deliver to the buyer herein, a warranty deed conveying good title to the above-described lots at any time upon receipt of payment in full for said lots.

"Witness our hands this 30th day of June, 1910.

"[Signed]     D. M. SHELTON, Buyer.
"J. L. WALLACE,
"By C. V. EGGLESTON."

Notes were given for the deferred payments. After making several payments in accordance with the terms of his contract,

Shelton decided to rescind the same, which he attempted to do by defaulting in the payments. After four of the notes had become due, Wallace brought suit thereon in the justice of the peace court, where judgment in his favor had been rendered prior to the time of bringing of this suit, which was upon the fifth unpaid and past due note, and which also was brought in the justice of the peace court, where judgment was also entered for Wallace and against Shelton. On appeal to the county court, it was stipulated by the parties that the judgment entered on the four former notes should abide the final judgment in this case. After hearing in the county court, a motion for judgment was filed by Wallace, after Shelton had rested (the burden of the case having been properly assumed by him), which motion was sustained by the court, and from which order and judgment Shelton brings error and urges a reversal on the grounds:

"First. Where an executory contract is not divisible, and one party makes default in the payment of installments when due, and announces his intention to make no further payments and to repudiate the contract, the other party cannot keep the contract in force and maintain a separate action for a failure to pay each installment when due, but must recover all his damages in one suit. Second. The repudiation of an executory contract, accompanied with a failure to pay installments when due, affords a defense to a recovery upon notes representing each installment on the theory of a failure of consideration, except in cases where the plaintiff brings an action for specific performance, in which event, only one action will lie for the enforcement of the entire contract. Third. The judgment in the case at bar cannot be sustained, because the defendant in error is entitled to a specific performance of the contract."

The various propositions may properly be considered together.

By the contract, *supra,* the equitable title to the lots described was vested in Shelton, Wallace retaining only the mere naked legal title for the use of Shelton, and possession was given according to the terms of the agreement, while payment of installments and final conveyance was provided for by its terms at a future period. Thus the rights of the parties, fully understood and recognized by both, became fixed at the signing of the con-

tract. Now, can Shelton, at his pleasure, repudiate his contract and refuse payment of his notes without a showing of fraud or failure of consideration? He claims that his repudiation of the contract and failure to pay the installment notes past due affords him an ample and complete defense to the notes which form the basis of this action on the ground of no consideration, and further claims that the only time when he would be denied such defense would be when Wallace brings an action for specific performance, in which event, one action only would lie for the enforcement of the entire contract. We do not agree with this contention, and cannot understand how there can be a repudiation and rescission of the contract set up and relied upon except both parties agree thereto. This they have not done. Where the contract vests in the vendor a right of forfeiture, such as this one does, if the price is not paid as agreed, such a provision is personal to him, and he may maintain an action for the price, although the purchaser has defaulted. 39 Cyc. 1902.

As was said in *North Stockton Town Lot Co. v. Fischer*, 138 Cal. 100, 70 Pac. 1082, 71 Pac. 438:

"An action to recover installments on a written contract for the sale of land, after the vendor had waived his right to terminate the contract and declare payments made forfeited for the purchaser's failure to make payments as prescribed, is an action of debt for money due on a written contract, and not a suit in equity in which plaintiff is required to prove damages."

In *Samuel v. Allen*, 98 Cal. 407, 33 Pac. 273, in speaking of an action similar to the one at bar, the court says:

"There is, therefore, no statutory prohibition upon the right to a personal action to enforce the debt when it becomes due. The action is for money due as much as though suit were upon a promissory note."

In *Niles v. Phinney*, 90 Me. 122, 37 Atl. 880, which was a suit on three promissory notes which were given as a part consideration of certain real estate, under circumstances somewhat similar to those in this case, it appears that, after the agreement had been executed and the purchaser had taken possession, which he retained for some time and then voluntarily abandoned the premises and refused to pay the balance of the purchase price

.represented by the notes sued on, it was held that neither the defendant's neglect or refusal to pay his notes at maturity nor his voluntary abandonment of the premises could have the effect to determine or rescind the contract with the plaintiff, and that the vendor had the right to request a strict compliance with the conditions of the agreement, and to enforce a forfeiture for breach thereof, also that he had a right to waive a forfeiture of the bond and to enforce payment of the notes by suit. He chose the latter course, and the court held that he had a right to sue on the notes and to enforce payment thereon, notwithstanding the other remedies that were open to him. The court cited, in support of its holding, *Manning v. Brown,* 10 Me. 49; *Shaw v. Wise,* 10 Me. 113, *Little v. Thurston,* 58 Me. 86; *Cook v. Walker,* 70 Me. 235; *Newhall v. Ins. Co.,* 52 Me. 180.

In *Cartwright et al. v. Gardner,* 5 Cush. (Mass.) 274, it was said:

"Where, on a sale of land, the purchaser paid a part of the purchase money, and gave his notes for the residue, payable respectively, in one, two, three, and four years, and the vendor agreed, upon payment of the notes as they should become due, to convey the land to the purchaser; and it was further agreed that, if the purchaser should refuse or neglect, upon request, to pay either of the notes as they should respectively become due and payable, the vendor's obligation to give a deed should become void and of no effect, and all moneys previously paid on account of the purchase should be retained by the vendor, as liquidated damages, for the nonperformance of the contract on the part of the purchaser—it was held that this latter stipulation was for the benefit of the vendor, who might avail himself of. it at his pleasure, but that it did not authorize the purchaser to refuse payment of his notes."

See, in support of this principle, *Clark v. O'Loughlin,* Morris (Iowa) 375 (star page 495); *Shepherd v. Merrill,* 20 N. H. 415; *Curtis Land & Loan Co. v. Interior Land Co.,* 137 Wis. 341, 118 N. W. 853, 129 Am. St. Rep. 1068.

In some jurisdictions the vendor cannot, on a breach by the purchaser, maintain an action at law for the unpaid purchase price if the contract is executory (39 Cyc. 1900), but his remedy is in equity for specific performance or rescission, or at law for

damages for breach of the contract, but this doctrine does not obtain in this state. Here, as a general rule, if a purchaser of real estate defaults in the performance of his part of the contract, as where he fails or refuses to pay the purchase money to the vendor who has performed, or who stands ready and willing to perform, the vendor has a right of action to recover the amount due and unpaid. Therefore the plea of no consideration, in the light of the foregoing authorities, cannot be sustained. The covenants of Shelton, as evidenced by his contract, notwithstanding it provides for payment by installments, were independent covenants and not dependent or concurrent, and recovery can be had thereon in this action as soon as the same, or any of them, become due. This answers in the negative, too, the assumption that the contract is entire and indivisible, and that the breach of one part thereof is a breach of the whole. The contract was mutual; the promise of one party was a good consideration for the promise of the other, and there can be no such thing as its rescission by one of the parties without the consent of the other. It is too much to say that Wallace will not convey when the conveyance is due. There is nothing in the record warranting such conclusion and, even though he should default and fail to perform, Shelton would have his remedy against such breach by way of specific performance or in damages or otherwise; and, while the contract in a sense is indivisible, yet it is also possessed of certain well-defined yet independent covenants, upon the breach of which the rights of the parties are automatically changed only to the extent that separate causes of action arise, and may be maintained by the parties thereon as the facts and circumstances of the case may require. This being true, it follows that the judgment of the lower court is right and should be affirmed, and that the status of the pending suits on the four preceding notes, as stipulated by the parties, should be determined by this conclusion.

By the Court: It is so ordered.