## LOOKABAUGH v. GOURLEY.

Nos. 8046, 8047—Opinion Filed March 5, 1918.

(171 Pac. 464.)

**Vendor and Purchaser — Action for Price—Installments.**

In a suit upon a contract to sell and convey real estate, the purchase price being payable in installments, it being provided, upon a complete payment of the purchase price, the vendor would furnish a good and sufficient warranty deed, held, that the vendor could maintain a suit at law to compel the payment of the installments of the purchase price as they became due, and this, notwithstanding that a later paragraph in said contract provided that the vendor would execute and deliver to any part or subdivision of the property sold a good and sufficient warranty deed any time during the pendency of the contract, upon the payment of such amount of said sale in cash, the amount so paid not to be less than the proportional part of the unpaid balance due under the contract. This clause being for the benefit of the vendee, so that he might sell any lot. block, or subdivision of said tract upon payment for that part in full, would not qualify or limit the right of the vendor to compel payments of installments of the purchase price as they became due under the first paragraph of the contract.

(Syllabus by West, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by A. R. Gourley against H. C. Lookabaugh. Judgment for plaintiff, and defendant brings error. Affirmed.

Warren K. Snyder and J. T. Dortch, for plaintiff in error.

A. R. Gourley and S. A. Horton, for defendant in error.

Opinion by WEST, C. The petition in cause No 8047 was filed in the district court of Oklahoma county, on the 7th day of October, 1911, by defendant in error, seeking to recover three installments alleged to be due upon a contract for the purchase of real estate situated in Cleveland county, state

of Oklahoma. The contract calls for the payment of $2,000 to be paid in installments of $200 each. Cause No. 8046 involves the same proposition, being a suit to recover another installment claimed under said contract, and we will consider both causes together, as a disposition of one disposes of the other.

A part of the said contract is as follows:

## "Contract of Deed.

"This is an agreement made this 21st day of February, 1910, by and between A. R. Gourley of Oklahoma City, Okla., party of the first part, and H. C. Lookabaugh of Blaine county, Okla., party of the second part. Witnesseth: That for and in consideration of $250, two hundred and fifty dollars, in hand paid to the party of the first part by the party of the second part, the receipt of which is hereby acknowledged, and for and in consideration of the mutual covenants and agreements herein entered into and upon the complete payment to the party of the first part of the sum of money hereinunder specified party of the first part does hereby agree to furnish a good and sufficient warranty deed to the party of the second part the following described tract or parcel of land situated in Cleveland county, Oklahoma, to wit: [Description of certain blocks of land in Elmwood addition to Oklahoma City.] And the said party of the second part does hereby agree in addition to the payment of the above-specified sum of money to pay to the said party the further sum of two thousand dollars ($2,000.00) to be paid in installments of two hundred dollars ($200.00) each six months until the full sum of ($2,000.00) shall have been paid the first payment to be due August the 21st, 1910, and like sum each six months thereafter.

"First party agrees to execute and deliver to any part of subdivision of the property a good and sufficient warranty deed any time during the pendency of this contract upon payment to the said first party of the full amount of the said sale in cash: Provided, however, the amount so paid shall not be less than a proportional part of unpaid balance due under this contract. It is further agreed and stipulated by and between the parties that time is the essence of this agreement, and upon default upon the party of the second part in payment of two or more payments the said second party shall forfeit to the party of the first part as liquidated damages any such sum or sums as may have been paid under this agreement and all other rights and interests accruing to said second party hereinunder."

The petition alleged the receipt of the first payment, and that said installments sued on, not including the final payment provided for in said above contract, were due and judgment was prayed for the amount of installments due at the time of filing this suit.

Defendants answer is as follows:

## "Answer of Defendant to Third Amended Petition.

"Now comes the defendant, H. C. Lookabaugh, and for his answer to the plaintiff's third amended petition filed in the above-entitled cause says:

"First. Defendant denies each, every, all and singular the allegations, averments, statements, charges and things set forth, stated or contained in the plaintiff's third amended petition, save and except that hereinafter expressly admitted.

"Second. Defendant admits that he made and entered into an agreement with the plaintiff for the purchase of certain real estate described, and says that the contract that was signed up a substantial copy of the same is attached to plaintiff's petition; that at the time he made the contract for the purchase of said real estate that it was specifically understood and agreed and talked over with the defendant that the defendant was to pay two hundred fifty ($250.00) dollars, and that if he did not make any further payments, that that was to be the measure of damages and he was to only lose said two hundred and fifty ($250.00) dollars, or accept the title and pay out the real estate, and that that was to be the measure of damage and no further or additional damage other than the payments made by him which was to be in full; that by mutual mistake of the parties and because of the ignorance of this defendant as to the language used, it being represented to the defendant at the time he signed said contract that that was the force and effect of the contract, and that it was expressed the agreement of the parties to the contract that that was to be the sole damage, this defendant signed the said contract. Defendant says that the said contract does not express the contract made between the plaintiff and defendant, and, therefore, that the same should be reformed in that particular so that the said contract should read that in the event defendant should not make the full payments that the measure of damage and all thereof was to be and should be the forfeiture of the payments made as liquidated damages.

"Third. The defendant says that the plaintiff has no title to said real estate, and the plaintiff never has at any time tendered to this defendant any deed or title of any kind, and has never offered in any way or manner to perform the contract on his part, and by reason of the fact that no title has been tendered and no offer to perform is made, defendant says that under the said contract and the law applicable thereto he is not liable to the plaintiff for any damages or sum in addition to the two hundred and fifty ($250.00) dollars heretofore paid, receipt of which is acknowledged by the contract.

"Fourth. Defendant for further answer says that in this case the plaintiff heretofore filed an amended petition, which is entitled a second amended petition, in which the plaintiff alleged that the said property and real estate being the real estate and property referred to has depreciated in value and is not worth at the time said amended petition was filed to exceed the sum of eight hundred and forty ($840.00) dollars, and that the plaintiff has been damaged by reason of the failure to carry out said contract the difference between the two thousand ($2,000.00) dollars and interest thereon; a copy of which said second amended petition with a copy of the contract for deed attached which was filed on the 2d day of March, 1910, together wth all indorsements thereon, is here referred to and made a part hereof.

"Fifth. Defendant says that it is provided by section 2859 of the statutes of the state of Oklahoma, Revised Laws of Oklahoma Annotated 1910, otherwise known as the Harris-Day Code, plaintiff's measure of damage, if any he has, is as follows:

" '2859. Breach of Agreement to Buy.— The detriment of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which should have been due to the seller under the contract, over the value of the property to him.'

"Defendant says that the property at the time said suit was brought by the plaintiff was and is worth the price agreed to be paid therefor; that the property has not depreciated in value, and that in no event is the property worth less than what the defendant agreed to pay for the same, and that the said property was worth to the seller, the plaintiff herein, at the time said action was brought and the market value of the same was and is worth the price agreed to be paid therefor, and that this defendant should not be held to do other than forfeit the two hundred and fifty ($250.00) dollars.

"Sixth. That there is another action pending between plaintiff and defendant wherein A. R. Gourley is plaintiff and H. C. Lookabaugh is defendant; that the case is pending in the district court of Oklahoma county against H. C. Lookabaugh, and the case is No. 16138, and it involves this same contract sued on in this case.

"Wherefore, this answering defendant prays that upon the final hearing hereof that the plaintiff may be adjudged to take nothing by said action; that the contract set out and pleaded by plaintiff may be reformed by the court to express the agreement and contract of the parties, and that the defendant may recover judgment for his costs, and plaintiff's petition may be dismissed, and that plaintiff may recover nothing thereby, and for such other relief to which the defendant may show himself entitled to in the premises."

Upon the filing of answer by defendant, a motion for judgment upon the pleadings was made by the plaintiff, and sustained by the court. To review this action, defendant perfected his appeal, and this court in an opinion by Commissioner Burford, filed October 24, 1916, reversed the lower court on one proposition, namely, that the petition did not state a cause of action in favor of plaintiff and against defendant. This question is now being considered upon the petition for rehearing filed by plaintiff in error, and the only question to be determined. That is to say, could the plaintiff maintain a suit at law to recover the installments as they fell due under this contract without tendering to the defendant a deed to the proportionate part of the premises that the installment bore to the entire deferred part of the purchase price? It will be noted that the contract in the first paragraph thereof provided that in consideration of $250 cash in hand paid, the receipt of which is acknowledged, and in consideration of the further covenants and agreements contained in the contract and upon the complete payment to the party of the first part of the purchase price, the plaintiff would furnish a good and sufficient warranty deed to the land described in the contract. It was agreed that the balance of $2,000 was to be paid in installments of $200 each six months, beginning on August 21, 1910, until the full $2,000 was paid. It was stipulated in the fourth paragraph, or the next to the last paragraph, that the plaintiff would execute and deliver to any part or subdivision of the property a good and sufficient warranty deed any time during the pendency of the contract upon the payment to plaintiff of the full amount of said sale in cash, provided, however, the amount so paid would not be less than the proportional part of the unpaid balance due under this contract.

Upon the consideration of the entire contract it seems perfectly plain that it was intended by the purchaser to subdivide said tract of land into lots, blocks, and tracts, and as we understand the last above mentioned paragraph, it was intended by it to provide that after said tract had been so subdivided, and the defendant found a purchaser for a lot, block or subdivision thereof, and desired to have executed a good and sufficient deed to said purchaser therefor, it was agreed that the plaintiff, after the defendant paid him the amount of said sale in cash, the same not to be less than the proportional part of the unpaid balance due upon the contract, then plaintiff would ex-

ecute a good and sufficient deed to the part of the property so sold. This being true, then under the contract the plaintiff was not bound to furnish a deed to any part of the property purchased until the entire purchase price had been paid, unless the defendant, the purchaser, should demand a deed under the fourth paragraph of the contract, and this contingency is not now before us. If this is true, then under the authority of Shelton v. Wallace, 41 Okla. 325, 137 Pac. 694, the syllabus being as follows:

"W. sold S. some city lots; they entered into a written contract in which S. agreed to pay for the lots on the installment plan, he giving his promissory notes, due monthly, for the deferred payments, he also going into possession. W. agreed to convey when all payments should be completed. The contract contained many other provisions, among which was one to the effect that, in case of default on the part of S. in the payments, W. might keep all money paid, not as a penalty for the breach of the contract, but as liquidated damages for the use of the premises. S. decided to repudiate the contract, and refused to make payment of installments. W. sued on the past-due notes in justice court. Held

"(a)  That such an action would lie in W.'s favor.

"(b)  That such contract could not be rescinded except by consent of both parties.

"(c)  That W., in addition, might have specific performance as against S., but that he was not compelled to resort to that remedy before enforcing payment, in a court of law, of the unpaid installment notes.

"(d)  That W. is not confined to one action for damages for breach of contract, but that that part of the contract providing for the installment notes was an independent and not a dependent or concurrent covenant, and, as such, could be enforced in an independent action."

—and  Ames v. Milam, 53 Okla. 739, 157 Pac. 941, the fourth paragraph of the syllabus being as follows:

"A tender of a deed is not a condition precedent to an action to enforce a vendor's lien"

—the plaintiff could maintain a suit at law for the installments of the purchase price as they became due, and would not be required to execute a deed, and would therefore not be required to tender a deed until the entire purchase price was paid, or until a suit was instituted for the final installment due under said contract. These suits involved installments maturing prior to the final installment. Plaintiff would not therefore be required to make a tender of a deed to the premises or any part thereof in order to maintain a suit at law for installments of the purchase price as they became due under the contract prior to suing for the final installment due.

We are therefore constrained to hold that the proposition announced in the first paragraph of the syllabus handed down by the court in this case, and that part of the main opinion reaching the conclusion announced in said paragraph, is incorrect and misinterpreted the contract in this, to wit, that the court construed the contract to mean that the plaintiff should execute a deed to that part of the land as the installments were paid; that is, that proportional part of the land which the installment paid for in full. We therefore hold that said opinion heretofore filed in this cause should be modified in accordance with this opinion. In the former opinion it was held, and we concur therein, being propositions announced in second and third paragraphs of the syllabus, that the answer filed by defendant did not present an issue which was a defense to the cause of action of the plaintiff. Under said opinion as modified by this opinion we hold that the court was correct in sustaining the motion for judgment upon the pleadings.

Finding no error in the judgment of the lower court, the same is affirmed.

By the Court: It is so ordered.