## HAGERSON v. MEYERS.

No. 18365.   Opinion Filed June 19, 1928.

Rehearing Denied Nov. 27, 1928.

E. F. Maley, for plaintiff in error.

George C. Beidleman, for defendant in error.

HEFNER, J. Charles E. Meyers, plaintiff below and defendant in error herein, brought this suit against Harriett Hagerson, as defendant below, to recover the balance of the purchase price of a lot in Okmulgee due on a contract of sale. The trial was to a jury, and at the conclusion of the evidence both parties moved for a directed verdict. The court denied the motion of the defendant, but sustained the motion of Meyers, the plaintiff.

In the contract of purchase the defendant agreed to pay $1,600 for the lot, and of this amount the record discloses that she had paid $710.

Under the contentions made in this case, it is necessary to set out only a portion of the contract. Paragraph 5 thereof is as follows:

"Fifth, if any taxes or special assessments be not paid before delinquent, or if the monthly payments be more than two months delinquent, except in case of sickness as stated in fourth paragraph, the seller may, at his option, either declare the entire purchase price due and collectible, or may rescind this contract to sell and convey and take possession thereof at his option, or in event of such rescission, all payments already made by the buyer shall be taken and retained by the seller, not as a penalty, but as and for rent and liquidated damages for the breach of this contract, and failure and delay to exercise this option at the time of default shall not be or operate as a waiver of the right to exercise said option at any time thereafter."

The defendant urges that the contract was an option to purchase on the part of the defendant and carried no personal liability against her. In other words, it is contended that she could at any time cease to make the monthly payments provided for in the contract and be relieved from any further liability thereunder. In the case of Higgins-Jones Realty Co. v. Davis, 60 Okla. 20, 158 Pac. 1160, this court had under consideration a contract similar to the one in the instant case, and in the body of the opinion it was said:

"The question presented for consideration in this proceeding is whether the trial court erred in holding that by virtue of the provisions of the contract, supra, the vendee was empowered to rescind the same by mere failure or refusal to further perform on his part. In Shelton v. Wallace, 41 Okla. 325, 137 Pac. 694, in construing a similar contract containing the provision, 'The buyer hereby on his or her part agrees that if default is made on any payment herein provided for, that then all payments heretofore made shall be forfeited to J. L. Wallace at his option without notice, not as a penalty, but as compensation for the use of said property up to such time, and as liquidated damages for the breach of this agreement, and thereupon this agreement shall be of no further force and effect and becomes null and void, and it is agreed that the possession of said property shall forthwith be surrendered to J. L. Wallace,' it was held:

" 'W. sold to S. some city lots; they entered into a written contract in which S. agreed to pay for the lots on the installment plan, he giving his promissory notes, due monthly, for the deferred payments, he also going into possession. W. agreed to convey when all payments should be completed. The contract contained many other provisions, among which was one to the effect that in case of default on the part of S. in the payments, W. might keep all money paid, not as a penalty for the breach of the contract, but as liquidated damages for the use of the premises. S. decided to repudiate the contract and refused to make payment of installments. W. sued on the past due notes in justice court. Held: (a) That such an action would lie in W.'s favor. (b) That such contract could not be rescinded except by consent of both parties.' "

This case holds that the purchaser could not rescind the contract without the consent of the seller. The defendant admitted the execution of the contract, and, under the rule above announced, she could not abandon the contract and thereby defeat its enforcement.

Defendant next urges that the trial court erred in failing to submit the question of fact to the jury relative to rescission and termination of said agreement. The defendant testified that the agent of the plaintiff told her she would lose the $710 paid by her and would lose the property; that he definitely understood that she had abandoned the contract, and that he said he would go to the courthouse and see if he could fix the taxes up and get the property. This is defendant's own testimony as to what was said, and she nowhere testified that the agent agreed to the rescission or abandonment of the contract. The most that can be said of this testimony is that the agent definitely understood that the defendant had abandoned the contract, but there is no evidence to the effect that the plaintiff agreed to such abandonment. There being no evidence reasonably supporting this contention, the trial court committed no error in refusing to submit this issue to the jury.

It is next urged by the defendant that no notice of election was alleged and the evidence fails to disclose that notice was ever given, and before the plaintiff could recover it was necessary to allege and prove the giving of the notice.

Paragraph 6 of the contract is as follows:

"Sixth. It is agreed that time is the essence of this contract, and that a letter addressed to the buyer at 220 West 8th. St., Okmulgee, Okla., shall be sufficient notice of the exercise of said option."

Without passing on the question as to

whether or not it was necessary to allege and prove the giving of the notice, we think it is sufficient to say that the suit was not brought until all the payments had become due under the terms of the contract, and it was certainly not necessary then to give notice that the plaintiff would declare all of the payments due or he would rescind the contract. The payments were all due before the suit was brought.

It is urged that the Savings Realty Company of Indianapolis, Ind., was a necessary party plaintiff in this action. The only interest it had in the cause of action was the amount of commission the plaintiff would owe it for making the sale. Under these facts, we do not think the Savings Realty Company was a necessary party.

The judgment of the trial court is affirmed.

MASON, V. C. J., and PHELPS, LESTER, and RILEY, JJ., concur.