JOHN E. WILLIAMS and another *vs.* EDWARD LANGEVIN.

February 12, 1889.

**Specific Performance — Falsity of Description, when Matter of Defence.**—Where a land contract set forth in the complaint in an action for specific performance contains a complete and certain description on its face, it is a matter of defence that the description is false.

**Records of Deeds not Judicially Noticed.**—The court cannot take judicial notice of the records of land titles in the office of the register of deeds, or of the existence or absence of town plats therein.

**Vendor and Purchaser—Contract—Description of Mortgage held Sufficient.**—The contract in this case required the assumption by the vendee of a mortgage upon the premises for $4,000, and interest, of a certain date, and payable in instalments. *It was not a material variance that the same debt was in fact secured by two mortgages, amounting to the same sum, of the same date, and otherwise containing the same terms and conditions.*

Plaintiffs (vendors) brought this action in the district court for Ramsey county for specific performance of a written contract of sale of "the west 50 feet of lots 9 and 10, of block numbered 12, Marshall's addition to St. Paul, according to the recorded plat thereof on file in the office of the register of deeds in and for said county of Ramsey." The defendant demurred to the complaint as failing to state a cause of action, making the point, among others, "that there is no such addition in Ramsey county as 'Marshall's addition to St. Paul.'" The demurrer was overruled by *Brill,* J., and defendant appealed.

*U. L. Lamprey* and *P. W. Locke,* for appellant.

*Wood & Gorman,* for respondents.

VANDERBURGH, J. The action is brought by the vendor for the specific performance of a contract for the sale of land described in

the complaint, and made by the parties, October 4, 1887. The defendant demurs to the complaint for insufficiency.

1. As to the first ground of objection, it is sufficient, as against the demurrer, that the agreement contains on its face a complete and certain description of a tract of land, by the terms thereof contracted to be sold and conveyed to the plaintiffs. If there is no such land as the contract purports to describe, it is matter of defence to be set up by answer. The court cannot take judicial notice of the existence or absence of records in the register's office, or of surveys and plats of lots and blocks in towns and cities.

2. The consideration named in the contract is $6,000, which the defendant agreed to pay by a cash instalment of $2,000 on delivery of the deed, and by undertaking "to assume a certain mortgage of $4,000, dated in August, 1887, due in one, two, and three years, at eight per cent. per annum interest." The specific provisions in this contract, in respect to the mode in which the purchase-money was to be paid, are controlling in respect to the amount to be paid, though two months' interest had accrued upon the mortgage. The complaint states that the mortgage of $4,000, described in the contract, was in fact an incumbrance of two mortgages of $2,000 each, executed the same day, (August 15, 1887,) payable in one, two, and three years, at 8 per cent., filed for record on the same day, and recorded upon successive pages in the same book. Since the amount and terms of payment are the same, the variance is not material, particularly as the mortgages run to Edward Langevin, this defendant. The complaint is sufficient, and the order overruling the demurrer is affirmed.