[18077. Department Two.—June 3, 1893.]

# A. J. SAMUEL, RESPONDENT, v. ORMANZO ALLEN, APPELLANT.

VENDOR AND PURCHASER—ACTION FOR PURCHASE-MONEY—EVIDENCE—OFFER AND REFUSAL TO PERFORM—NON-RESIDENCE OF PURCHASER—INSUFFICIENCY OF PROOF.—In an action by a vendor for the recovery of money due upon a contract for the sale of land, where issue was joined as to an offer of the plaintiff to perform, and refusal to perform upon the part of the defendant, proof that the plaintiff had prepared a deed and was ready to deliver it, and that he had been told that the defendant, who was a resident of another state, had no residence in this state, is not sufficient to sustain a finding for the plaintiff, where it is not shown that the defendant was actually out of the state at the time of the alleged offer, or that he did not have a place of business within this state, or that plaintiff had used any diligence in finding the defendant within the state, or to ascertain whether he had a place of business therein.

ID.— VENDOR'S LIEN NOT A MORTGAGE—PERSONAL ACTION.—A contract for the sale of land, by the terms of which the vendor is to retain title to the land until the payment of the entire purchase-money, does not establish the relation of mortgagor and mortgagee, and there is no statutory prohibition upon the right of the vendor to a personal action to recover the purchase-money when it becomes due.

ID.—ACTION FOR PURCHASE-MONEY NOT LOCAL.—An action to recover the purchase-money for land sold is not a local action, and may be brought in a different county from that in which the land is situated.

ID.—ENCUMBRANCE UPON LAND SOLD—FAILURE TO FIND UPON MATERIAL ISSUE.—Where the defendant in such action denied that the plaintiff was able to convey the land free from encumbrance, or that he could furnish title according to the contract, and there was evidence tending to show an existing encumbrance, a failure to find upon such issue is material.

ID.—WATER STOCK—EVIDENCE—PRO RATA SHARE—PAYMENT OF ASSESSMENT BY VENDOR—INSUFFICIENCY OF PROOF.—Where the vendor claims from the purchaser a sum due as an assessment upon water stock sold with the land, the evidence is defective where it fails to show what was the pro rata share of the water stock, or that such sum was assessed or paid by the vendor upon such pro rata share of stock.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*W. S. Wright*, for Appellant.

*L. L. Cory*, for Respondent.

TEMPLE, C. — This appeal is from the judgment, but was taken within sixty days after the rendition and entry thereof.

The action is brought to recover money due upon a contract for the sale of land. The plaintiff, who is the vendor, avers

. that he has performed all the conditions of the contract on his part, and that on the seventeenth day of January, 1890, the defendant refused to accept performance on his part, and notified plaintiff of his refusal to accept performance on the part of plaintiff, and still does refuse to accept performance.

These allegations are specifically denied in the answer. There was, at the trial, no attempt made to prove the alleged waiver of an offer to perform, or that defendant had refused to accept performance on the part of plaintiff, or had notified him to that effect. In lieu of the waiver alleged, plaintiff proved that he prepared a deed and was ready to deliver it, and that defendant was a resident of Austin, Minnesota, and plaintiff had been told in Los Angeles that defendant had no residence in this state.

Section 1489 of the Civil Code provides that, in the absence of an express provision to the contrary, an offer of performance may be made:—

"3. If such person cannot with reasonable diligence be found within this state, and within a reasonable distance from his residence or place of business, or if he evades the debtor, then at his residence or place of business, if the same can with reasonable diligence be found within the state; or,—

"4. If this cannot be done, then at any place within this state."

It was not shown that the defendant was not at the time of the alleged offer within this state, nor that he did not have a place of business within the state; nor was any diligence shown on the part of plaintiff to find defendant within the state, or to ascertain whether he had here a place of business. It is denied in the answer that any offer of performance was ever made, or at least the denial is as broad as the allegation, which is really that an offer had been waived. We think the evidence does not sustain the finding that an offer was made by plaintiff or that defendant has refused to perform.

The appellant contends that inasmuch as plaintiff by his contract retained the title to the land, which was the subject of the contract, he cannot maintain an action for the unpaid purchase-money, except in the form of an action to enforce specific performance or for foreclosure of the lien.

. It is true that in some sense the vendor has a lien on the

land for the portion of the purchase-money which remains unpaid, and that it has been held that until a conveyance has been made the lien constitutes such security as will prevent the creditor from suing out an attachment, but it has also been uniformly held that such contract does not establish the relation of mortgagor and mortgagee. There is, therefore, no statutory prohibition upon the right to a personal action to enforce the debt when it becomes due. The action is for money due, as much so as though suit were upon a promissory note. It is not therefore a local action, and the court in Fresno County has jurisdiction, although the land which is the subject of the contract is in Los Angeles County.

The defendant denied that plaintiff was able to convey the land free from encumbrance, and it is stated in a stipulation that defendant had denied that plaintiff could furnish title according to the contract. There was evidence, the effect of which appellant contends was to show an existing encumbrance. There should have been a distinct finding upon this question.

We think the evidence also defective in that it did not show what was the *pro rata* share of the water stock mentioned, or that the money claimed to be due, as an assessment upon such stock, in the supposed tender, was assessed or paid by plaintiff upon such *pro rata* share.

We advise that the judgment be reversed and a new trial had.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and a new trial ordered.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.