[S. F. No. 2549.    Department One.—December 18, 1902.]

# NORTH STOCKTON TOWN LOT COMPANY, Respondent, v. E. A. FISCHER, Appellant.

VENDOR AND PURCHASER—CONTRACT OF SALE—ACTION OF DEBT FOR PURCHASE MONEY—TIME FOR ACTION.—A vendor of land under an written contract of sale, who has demanded payment of the residue of the contract price, after it has become due, and who has tendered a deed in connection with such demand, may maintain an action of debt to recover the unpaid portion of the contract price, at any time within the statute of limitations of four years. [Beatty, C. J., and Lorigan, J., dissenting.]

ID.—DELAY OF VENDOR—ESTOPPEL OF PURCHASER.—It does not lie in the mouth of the purchaser to object that the vendor was guilty of laches in giving him more time than the contract gave him, and in delaying suit after the first default in payment.

ID.—PROVISION FOR FORFEITURE—BENEFIT OF VENDOR—OPTION—WAIVER. —A provision in the contract for forfeiture of the installments of purchase money paid, upon default of the purchaser, was for the exclusive benefit of the vendor, to be exercised or not, at the vendor's option. The forfeiture is waived by the vendor by continuing and acting upon the contract.

ID.—TENDER OF DEED—PRESUMPTION—FINDINGS.—The tender of the deed put the defendant in default and authorized the action. In the absence of any question in the record as to whether the tender was kept good, it must be presumed that it was in favor of a judgment for the unpaid purchase money, especially where it is found that plaintiff has complied with all the covenants of the contract on its part.

ID.—RIGHT TO DEED—RELIEF NOT SOUGHT.—Though upon payment of the judgment the defendant will have a right to the deed, yet where he did not ask such relief, and moved for a nonsuit on other grounds, the judgment should not be reversed to give him such relief. [Beatty, C. J., and Lorigan, J., dissenting.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Leon Samuels, for Appellant.

Otto tum Suden, for Respondent.

COOPER, C.—This action was brought to recover the amounts agreed to be paid by defendant to plaintiff, according to the terms of a contract for the sale of certain lands. Findings were filed and judgment entered for plaintiff. This appeal is from the judgment, on the judgment-roll and a bill of exceptions.

The contract was made April 5, 1895. It was therein agreed that the plaintiff would sell and defendant would buy lots 7 and 8, in block 3, in the Northern Addition to the city of Stockton, for the sum of $450, of which forty dollars was to be paid down and the balance in monthly installments of ten dollars per month until the whole should be paid. That should any payment become due and remain unpaid for thirty days, then the whole of the balance should immediately become due and payable at the option of plaintiff, and the amounts already paid should be forfeited to plaintiff, and that time should be of the essence of the contract. The defendant paid the forty dollars, and made the monthly payments provided for in the said contract until the payments amounted to $110, and thereafter made no further payments. The last payment became due October 5, 1898. This action was commenced December 5, 1899, at which time no payment had remained due more than four years.

The main question urged by counsel is, that this must be treated as an action in equity, and that, as by the terms of the contract, the payments made by defendant were forfeited upon his failure to make the payments as therein provided, the plaintiff was guilty of laches in not bringing the action sooner; that the silence of the plaintiff for so long a time led the defendant to believe that plaintiff relied upon the forfeiture and that the payments would not be insisted upon, and for this reason the plaintiff should be estopped from maintaining the action. We do not so understand the law. The contract provided for the payments by defendant at certain definite times. He knew as well as plaintiff when the payments became due. He never offered to pay nor demanded a deed. On the other hand, he testified that he thought he had made a bad bargain, and that if he could get out of it he would do so. The plaintiff could not put the defendant in default without demanding payment and tendering a deed; neither could defendant put plaintiff in default without ten-

dering the amount due and demanding a deed. It does not lie in the mouth of defendant to say to plaintiff that it is guilty of laches because it did not bring suit immediately after the first payment became due. It was the duty of the defendant to make the payments, and he cannot complain because he was given more time than the contract gave him. His agreement to pay was in writing, and suit was brought before any one of the payments became barred by the statute. The forfeiture clause was for the exclusive privilege of the vendor, to be exercised or not at its option. It is said in Warvelle on Vendors (vol. 2, sec. 818): "Lapse of time alone will not put an end to a contract for the sale of land, conditioned to be void at the election of the vendor, upon the failure of the vendee to fulfill the covenants, conditions, and agreements thereof; for time is not of the essence of the undertaking to pay money by such a contract, and default in payments must be followed by some act of the vendor indicating his election to consider the contract at an end. Notwithstanding the vendee may be in default, yet if the vendor does not see fit to exercise his option of forfeiture the contract will remain in full force; and even if time is of the essence of the contract, the vendor may waive the forfeiture by continuing and acting upon the contract."

In *Newton* v. *Hull*, 90 Cal. 494, it was held that a provision for forfeiture in a similar contract for the sale of land was for the benefit of the vendor, and it was said: "It does not follow that the defendants could work a rescission of the agreement, or avoid their obligation to pay the purchase money by simply refusing to pay it, or by delaying payment thereof until after it became due."

In *Leaird* v. *Smith*, 44 N. Y. 625, in speaking of a similar question the court said: "It is impossible to perceive that either party could complain of the other without first tendering a full performance. Both parties remained passive. The contract was not annulled or abrogated by the omission or neglect to act for the purpose of bringing it to a termination. Slumbering upon their respective rights would terminate the contract only by such an efflux of time as would create a bar by the statute of limitations."

The claim is made that the action is to be treated as an action in equity, and that, treating it as such, it was incum-

bent upon plaintiff to prove damages. We do not so regard the action. It is an action for debt, the money being due upon a written contract, the consideration on plaintiff's part being the execution of a good and sufficient conveyance. The plaintiff alleges, and the court finds, that it properly executed and tendered such conveyance and performed all the covenants on its part to be performed. It was said by this court in *Samuel* v. *Allen,* 98 Cal. 407, in speaking of an action of this character: "There is therefore no statutory prohibition upon the right to a personal action to enforce the debt when it becomes due. The action is for money due, as much as though suit were upon a promissory note."

And that such action can be maintained upon the contract, see *Wilcoxson* v. *Stitt,* 65 Cal. 596; [1] *Smith* v. *Mohn,* 87 Cal. 489; *Newton* v. *Hull,* 90 Cal. 487; *Higbie* v. *Farr,* 28 Minn. 439; Warvelle on Vendors, vol. 2, sec. 896.

It is finally claimed by appellant that the plaintiff has not kept its tender good. It is found that the plaintiff has complied with all the covenants of the contract on its part; that it tendered to defendant a good and sufficient deed to the land and demanded payment of the balance due it; that defendant refused to accept said conveyance or to pay the balance due under the terms of the contract.

The tender of the deed put defendant in default and authorized the action. Defendant in his answer did not ask for any decree that a deed be made and delivered as a condition for the payment of the balance found due. No question appears to have been made as to whether or not the tender has been kept good, and in favor of the judgment we will presume that it has. No doubt but that upon payment of the judgment the defendant will be entitled to a deed. (See *Allin* v. *Williams,* 97 Cal. 403; *French* v. *McCarthy,* 125 Cal. 503.) But we do not deem it incumbent upon us to reverse a case in order that defendant may have a judgment for that which he did not ask for in the court below. He not only failed to ask for such judgment, but in his motion for nonsuit no such ground was urged.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

[1] 52 Am. Rep. 310.

For the reasons given in the foregoing opinion the judgment is affirmed.    Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., and Lorigan, J., dissented from the order denying a hearing in bank, and the following dissenting opinion was filed on the 19th of January, 1903:—

BEATTY, C. J.—I dissent from the order refusing a rehearing. It is provided by section 3307 of the Civil Code that, "The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." If this had been an action for damages for a breach of the contract pleaded, the amount recoverable would have been the difference between the contract price and the present value of the land; but the judgment is for the whole contract price, undiminished. The judgment, therefore, cannot be sustained as a judgment for damages for the breach of the contract. If it is not a judgment for damages for the breach of the contract, it must be a decree of specific performance, and that, in effect, is what it is. It compels the defendant to fulfill the promise which he made. The action is on the contract to enforce its provisions, and is not an action for a breach of contract. It seeks the only decree of specific performance which the vendor could ever have in a case of this kind. Regarded as a decree for specific performance, the judgment is erroneous, because it is not alleged in the complaint that the plaintiff is ready or willing or able to make a conveyance of the land. All that is alleged is, that plaintiff once tendered a deed. It does not offer now to perform its part of the contract, and the decree does not require it to perform its part of the contract. It requires the defendant to do all that he promised to do,—that is, to pay the entire contract price of the land,—and leaves him without any title or right to it. The plaintiff gets the whole contract price and keeps the land, under this decree. The pleadings do not sustain the decree, and the decree does not sustain itself as a decree for specific performance. The opinion says: "No

doubt but that, upon payment of the judgment, the defendant will be entitled to a deed." Very true; but this decree does not secure him that right, as it ought to do. He would be entitled to the deed, but it would depend entirely upon the pure volition of the plaintiff whether he got a deed or not, and if the plaintiff should refuse, it would be necessary to bring another action to compel the execution of the deed. Equity does not do justice by piecemeal.

There are additional reasons why the plaintiff is not entitled to a decree of specific performance in this case. The contract is not equitable; it is one-sided and oppressive, and the plaintiff has been guilty of laches in seeking to enforce it. It ought to be left to its action at law, which would give it all that it is entitled to; but if it is to have relief in equity by specific performance, it ought to be compelled to do equity at the same time.

Lorigan, J., concurred in the dissenting opinion.