### ELLA T. WALSH v. SELOVER, BATES & COMPANY.[1]

November 19, 1909.

Nos. 16,293—(103).

**Notice to Vendee of Cancellation of Contract to Sell — Case Followed.**

Finnes v. Selover, Bates & Co., 102 Minn. 334, to the effect, in so far as
concerns an action for damages for the breach of an executory contract made
and to be performed in this state for the sale of land in another state, that
chapter 223, Laws 1897, whereby it is provided that no contract for the
sale of land shall be declared canceled except upon thirty days' notice to the
vendee, controls the right of the vendor to cancel the same, followed and
applied.

Action in the district court for Hennepin county to recover
$5,308.21 for the breach of an executory contract for the sale of land
in the state of Colorado. In its answer defendant interposed a
counterclaim for $1,120. The case was tried before Holt, J., and a
jury which returned a verdict in favor of plaintiff for $4,030.09.
From an order denying defendant's motion for judgment notwith-
standing the verdict or for a new trial, it appealed. Affirmed.

*Arthur W. Selover,* for appellant.

*A. B. Choate,* for respondent.

[1]Reported in 123 N. W. 291.

BROWN, J.

Action to recover damages for the breach of an executory contract for the sale of land, in which plaintiff had a verdict, and defendants appealed from an order denying a new trial.

The facts are as follows: One Bates was the owner of the land, which is situated in the state of Colorado, and on the twenty-sixth day of January, 1904, entered into an executory contract for the sale thereof to P. D. Walsh. The contract was in writing, and provided, among other things, for the payment of the purchase price at the office of defendants herein, at Minneapolis, this state, in instalments, at stated times in the future, and also that Walsh should pay all taxes levied against the land at the time provided therefor by the laws of Colorado. Thereafter Bates duly assigned the contract and all his right and interest therein to defendants in this action, who thereupon assumed all obligations imposed upon Bates. Prior to the attempted cancellation of the contract, presently to be mentioned, Walsh had paid upon the purchase price of the property something over $700. Subsequent to such payment Walsh duly assigned his interest in the contract to his wife, plaintiff herein. On March 5, 1907, claiming that default had been made by Walsh in the performance of the terms of the contract respecting the payment of certain taxes assessed against the land, and which fell due March 1, 1907, defendants, by written notice, canceled the contract, and declared the same at an end, and refused further to be bound by it. Thereafter plaintiff brought this action for damages for the refusal of defendants to perform.

Several questions were presented to the court below by the pleadings and evidence, only two of which are brought to this court for review. All others were eliminated by stipulation of the parties. The questions agreed to be submitted by this stipulation are: (1) Does chapter 223, p. 431, Laws 1897, which provides that a vendor in a contract for the sale of land shall have no right to cancel, terminate, or declare a forfeiture of the contract except upon thirty days' written notice to the vendee, apply to the contract in question? and (2) if it be so held, is the statute constitutional?

1. The question whether the statute applies to the contract is disposed of adversely to defendants' contention by the decision of this court in Finnes v. Selover, Bates & Co., 102 Minn. 334, 113 N. W. 883, where the precise situation was presented and passed upon.

But counsel for defendants contend that the case at bar is distinguishable in its facts. We are unable to discover any substantial difference between the two cases. The only features in which they differ at all are that in the case referred to all parties resided in Minnesota, and the contract was entered into, reduced to writing, and signed in this state; whereas in the case at bar the vendee, Walsh, resided in the state of North Dakota, the vendor, Bates, in Minnesota, and Walsh in fact signed the contract at his residence in the state of North Dakota, and in the further fact that in the contract here involved the taxes agreed to be paid by Walsh were to be paid in Colorado, where the land is located. While these differences exist, they are of no material consequence. The contract here involved was a Minnesota contract, all negotiations leading up to its formation were had in Minnesota, and all payments, except the taxes, were to be made at defendants' office in this state. The fact that the contract, after the terms thereof had been agreed upon in this state, was subsequently reduced to writing and mailed to Walsh at his residence in North Dakota, and by him there signed and returned to Bates at Minneapolis, does not make it a North Dakota contract. As stated, all negotiations were had in this state at defendants' place of business, and the principal element in the performance thereof, namely, the payment of the purchase price of the land, was to take place in this state. The taxes were payable in Colorado, for they could not be paid elsewhere, and in no proper view does this provision of the contract indicate an intention that the whole agreement should be governed and controlled by the laws of that state. There is, therefore, no distinction, in point of substance, between this and the Finnes case.

2. There can be no serious question as to the constitutionality of the statute. It in effect prescribes a period of redemption in contracts of this character, and was within the power and authority of the legislature. Defendants' principal contention on this branch of the case is not so much that the statute is unconstitutional as that it should

not be construed to apply to contracts made in Minnesota for the sale of land in another state. There is force in this contention; but within the rule of the Finnes case, which a majority of the court do not feel disposed to reconsider, the action does not involve the title to the land, is purely personal, and the rights of the parties are controlled by the laws of this state. Under the decision in that case, defendants had no right arbitrarily to declare the contract at an end and refuse to perform it, and are liable for such damages as their refusal caused plaintiff. Following the Finnes case, we have no alternative but to affirm the action of the court below.

Order affirmed.

A petition for a reargument having been made, the following opinion was filed on December 3, 1909:

PER CURIAM.

Counsel for defendant, both in the brief and on the oral argument of this cause, contended that, if the statute referred to in the opinion be held to apply to the contract in question, it is, as so construed, in violation of article 1, § 7, of the state constitution and article 14, § 1, of the constitution of the United States, and therefore void. This contention, following the Finnes case, was not sustained. The rights of the parties here before the court accrued before the passage of chapter 355, p. 406, Laws 1909, and that statute has no application to the case.

Petition for rehearing denied.