## O. W. KERR COMPANY v. CARL SIGFRED NYGREN.[1]

### May 5, 1911.

### Nos. 17,004—(59).

**Specific performance.**

    The vendor in an executory contract for the sale of real property may maintain an action for specific performance, and is not limited to an action for damages for a breach by the vendee, or to an equitable proceeding to foreclose the vendor's lien for the purchase price of the property.

**Same — sale of land in foreign state.**

    In an action by the vendor for specific performance of such a contract, it is immaterial that the land is located in a foreign state or country. The rule is different where the action is by the vendee, and a transfer of title is effected by decree of court.

**Complaint sufficient.**

    Complaint *held* to state a cause of action.

Action in the district court for Wabasha county to recover $2,879, a balance alleged to be due upon a land contract. From an order, Snow, J., overruling defendant's demurrer to the complaint, he appealed. Affirmed.

*James A. Carley* and *Brown, Abbott & Somsen,* for appellant.

*Koon, Whelan & Hempstead,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's general demurrer to plaintiff's complaint.

It appears from the complaint that both parties to the action are

[1]Reported in 130 N. W. 1112.

residents of and domiciled in this state, and were such at all times mentioned therein. Plaintiff was the owner, in December, 1909, of certain real property situated and being in the province of Alberta, Canada, consisting of one hundred sixty acres. On December 4 of the month and year stated the parties entered into a contract by the terms of which plaintiff agreed to sell and convey the property to defendant, and defendant agreed to buy the same at $18 per acre. By the terms of the agreement, according to the allegations of the complaint, the transaction was to be closed "as soon as possible." Within the time so provided, plaintiff executed and tendered to defendant a transfer of the land, and demanded payment of the purchase price, which defendant refused. The complaint further alleges that plaintiff fully performed all the terms of the contract, and now stands ready to complete the transaction, and that defendant refuses performance on his part. The prayer for relief is for the specific performance of the contract, that the defendant be required by decree of the court to accept the conveyance of the property, and make payment of the purchase price thereof.

It is insisted by defendant in support of the demurrer: (1) That the facts stated in the complaint do not constitute a cause of action; and (2) that the court has no jurisdiction of the subject-matter of the action. Counsel assume, as we understand their argument as contained in the brief, that under the rule stated in Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. 438, the remedy of specific performance is not available to the vendor in an executory contract for the sale of land; his remedy being an action for damages for the vendee's breach of the contract, or the enforcement of the vendor's equitable lien, essential to which is jurisdiction of the land, as well as of the parties.

1. There can be no question under the authorities that specific performance of such a contract may be awarded at the suit of the vendor, and Freeman v. Paulson should not be construed as holding to the contrary. In fact the vendor has an election of several remedies. He may sue for damages for a breach by the vendee, foreclose his equitable lien, or, by tendering a proper conveyance, have specific performance; that is, a judgment for the recovery of the pur-

chase price.   See concurring opinion of the Chief Justice in Free-
man v. Paulson, supra; 6 Pomeroy, Eq. Jur. (1905 Ed.) 745; 26
Am. & Eng. Enc. (2d Ed.) 106; Williams v. Langevin, 40 Minn.
180, 41 N. W. 936; Fairchild v. Marshall, 42 Minn. 14, 43 N. W.
563; Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St.
348.

The complaint in the action at bar sufficiently alleges a tender of
a deed of the property, and a continuing readiness to deliver the same
to defendant.   Whether the tendered deed be sufficient, under the
laws of Canada, to transfer title to defendant, will depend upon
the law of that country.   The court will not take judicial notice
thereof, and it is incumbent upon plaintiff to prove the same upon
the trial.   The law of that country upon the subject is not an ele-
ment of the contract, and it was not necessary that it be pleaded in
the complaint.   It is a matter of evidence to be submitted at the
trial.

2. The further contention, that the court has no jurisdiction of the
subject-matter of the action, because the land is located in Can-
ada, is not well taken.   It is not necessary, in an action by the vend-
or for specific performance, that the land, .the subject-matter of
the contract sought to be enforced, be within the jurisdiction of the
court, though the rule is different where the vendee seeks performance
by decree of court.   In such a case the court cannot decree a trans-
fer of the title of land beyond its jurisdiction; but where the vendor
brings the action, the whereabouts of the land is immaterial.   The
action is personal, and operates upon the person of defendant.   The
court requires a delivery to him of a valid conveyance of the land,
and decrees that he thereupon pay the purchase price.   36 Cyc. 771,
et seq., and cases cited; 26 Am. & Eng. Enc. (2d Ed.) 132; Fall v.
Eastin, 215 U. S. 1, 30 Sup. Ct. 3, 54 L. ed. 65, 23 L.R.A.(N.S.)
924; Garden City v. Miller, 157 Ill. 225, 41 N. E. 753; Potter v.
Hollister, 45 N. J. Eq. 508, 18 Atl. 204; Walsh v. Selover, Bates &
Co., 109 Minn. 136, 123 N. W. 291; Hawkins v. Ireland, 64 Minn.
339, 67 N. W. 73, 58 Am. St. 534.

Order affirmed.