[Civ. No. 2887.  Third Appellate District.—February 13, 1925.].

TIMOTHY O'GORMAN et al., Respondents, v. HERMAN WACHTER, Appellant.

[1] PLACE OF TRIAL — VENDOR AND VENDEE — ACTION TO RECOVER PURCHASE PRICE—NATURE OF.—An action by vendors to recover the purchase price of land agreed to be paid by a vendee under a contract of purchase is essentially an action for a debt and, therefore, transitory and not local, and the vendee is entitled to have the place of trial changed to the county of his residence.

---

(1) 36 Cyc., p. 772, n. 37, p. 773, n. 47; 39 Cyc., p. 1900, n. 6; 40 Cyc., p. 96, n. 79, p. 104, n. 20, p. 128, n. 51.

APPEAL from an order of the Superior Court of Sonoma County denying motion for change of place of trial.   Ross Campbell, Judge.   Order reversed.

The facts are stated in the opinion of the court.

Ernest J. Torregano and Morgan V. Spicer for Appellant.

Hilliard Comstock for Respondents.

PLUMMER, J.—Defendant appeals from an order of the superior court of the county of Sonoma, denying his motion for a change of venue.

The record shows that on or about the fifth day of June, 1923, the plaintiffs, then the owners of certain parcels of land situate, lying and being in the county of Sonoma, entered into an agreement with the defendant, whereby the plaintiffs agreed to sell and the defendant agreed to buy said parcels of land, and to pay therefor the sum of $12,750. This agreement provided for the payment of said sum in in-

stallments. All of said payments were due prior to the beginning of this action.

Payments not having been made according to the agreement hereinbefore referred to, the plaintiffs brought this action to recover the entire purchase price of $12,750, and in their complaint alleged tender of conveyance to the defendant, and also set forth their willingness to deliver to the defendant a good and sufficient deed of conveyance, transferring to said defendant a clear title to the premises described in the agreement, and demanded judgment against the defendant in the sum of $12,750, to be paid upon delivery by plaintiffs to said defendant of such conveyance. The defendant, being a resident of the city and county of San Francisco, upon making his appearance in said cause, filed therewith a demand for a change of the place of trial of said action from the county of Sonoma to the city and county of San Francisco, and supported his demand with a good and sufficient affidavit as to his residence in the city and county of San Francisco, and, also, as to the other requirements necessary to be set forth in an affidavit supporting a demand for a change of venue. [1] No question is made as to the sufficiency of the pleadings upon which the defendant based his demand for a change of venue, the only question involved being as to whether the cause set forth in plaintiffs' complaint is local or transitory. If local, the motion was properly denied. If transitory, the order of the trial court must be reversed.

These questions involve sections 392 and 395 of the Code of Civil Procedure. Subdivision 1 of section 392 provides that actions for the recovery of real property, or of an interest or estate therein, or for the determination in any form of such right or interest and for damages to real property must be tried in the county where the land is situated; and section 395, *supra,* specifies that all other actions must be tried in the county in which the defendants, or some of them reside.

It is contended on the part of the plaintiffs that this action comes within the terms of subdivision 1 of said section 392, and, on the part of the appellant, that section 395 applies and that the action should be tried in the county of the defendant's residence.

The complaint in this case is in the usual form of a complaint for the recovery of the purchase price of the land agreed to be sold. There is nothing in the complaint which asks for any relief concerning the premises, or which affects the title thereto, or any interest or ownership therein. The plaintiffs allege their willingness and readiness to tender and deliver to the defendant a good and sufficient deed of conveyance therefor, upon receipt of the purchase price agreed to be paid. It is true that the prayer of the complaint asks that the court specifically enforce the agreement herein referred to. This, however, is nothing more than praying that the court enter judgment in favor of the plaintiffs for the sum of $12,750, the agreed purchase price. The judgment of the court to be entered in this case would not constitute any lien upon the premises, or require the plaintiffs to do anything in relation thereto which they have not already offered to do, to wit: to make conveyance. In this respect, this action is the exact opposite of the case upon which the plaintiffs rely, i. e., *Grocers' etc. Union* v. *Kern etc. Co.,* 150 Cal. 46 [89 Pac. 120]. In that case, the plaintiff in the action was a vendee seeking to compel a conveyance of the land agreed to be purchased and asking, in addition thereto, an accounting of the proceeds thereof, and directly called for a judgment and decree of the court compelling a transfer of the title to the premises involved from the defendant to the plaintiff, and, consequently, necessarily involved the determination of the right and interest of the parties in and to the real property covenanted to be sold and conveyed.

In the present action, no question is presented involving any lien of the vendor upon the premises and, therefore, differs directly from those cases where partial payments have been made, and the vendor seeks either a judgment canceling the vendee's rights under the contract, and further adjudicating that the vendor is entitled to retain all the payments, or adjudging that the lands be sold to pay the balance remaining due upon the premises, or that the vendor's title be quieted as against any claim of the vendee thereto, such, for instance, as was involved in the case of *Robinson* v. *Williams,* 12 Cal. App. 515 [107 Pac. 705]. In that case, relied upon by the respondent herein, the pur-

pose was not to obtain a judgment for the purchase price, but was, as the court said "only to cancel the written instrument and quiet the vendor's title as against any claim that might be made by the vendee, or any of his assigns." It was further stated in that case that the character of the action is to be determined by the complaint, and not merely by the relief prayed for. Being essentially an action to quiet title and cancel an instrument that might become a cloud thereon, it necessarily falls within the terms of subdivision 1 of said section 392 of the Code of Civil Procedure.

That an action which involves merely the recovery of the purchase price of real estate is essentially an action for a debt the same as one founded upon a promissory note and, therefore, transitory and not local, has been frequently adjudicated in this state as well as in other jurisdictions. Referring to cases outside of California, we find the rule well stated in *Kerr Co.* v. *Nygren,* 114 Minn. 268, Ann. Cas. 1912C, 538 [130 N. W. 1112], where it is said: "It is not necessary, in an action by the vendor for specific performance, that the land, the subject matter of the contract sought to be enforced, be within the jurisdiction of the court, though the rule is different where the vendee seeks performance by decree of court. In such a case the court cannot decree a transfer of the title of land beyond its jurisdiction; but where the vendor brings the action, the whereabouts of the land is immaterial. The action is personal, and operates upon the person of the defendant. The court requires a delivery to him of a valid conveyance of the land, and decrees that he thereupon pay the purchase price. 36 Cyc. 771 et seq., and cases cited; 26 Am. & Eng. Ency. of Law, 132; *Fall* v. *Eastin,* 215 U. S. 1, 23 L. R. A. (N. S.) 924, [54 L. Ed. 65, 30 Sup. Ct. Rep. 3, see, also, Rose's U. S. Notes]; *Garden City* v. *Miller,* 157 Ill. 225 [41 N. E. 753]; *Potter* v. *Hollister,* 45 N. J. Eq. 508 [18 Atl. 204]; *Walsh* v. *Selover Bates & Co.,* 109 Minn. 136 [123 N. W. 291]; *Hawkins* v. *Ireland,* 64 Minn. 339, 58 Am. St. Rep. 534 [67 N. W. 73]." In the case of *Samuel* v. *Allen,* 98 Cal. 406 [33 Pac. 273], in an action by a vendor upon a contract of sale prosecuted in Fresno County, the land being situate in the county of Los Angeles, the court, speaking through Justice Temple, thus described the character of the action:

"It is true that in some sense the vendor has a lien on the land for the portion of the purchase money which remains unpaid, and that it has been held that until a conveyance has been made the lien constitutes such security as will prevent the creditor from suing out an attachment, but it has also been uniformly held that such contract does not establish the relation of mortgagor and mortgagee. There is, therefore, no statutory prohibition upon the right to a personal action to enforce the debt when it becomes due. The action is for money due, as much so as though suit were upon a promissory note. It is not therefore a local action, and the court in Fresno County has jurisdiction, although the land which is the subject of the contract is in Los Angeles County." The ruling of the trial court that the action was local rather than transitory was consequently reversed. In *Longmaid* v. *Coulter*, 123 Cal. 208 [55 Pac. 791], where the same questions were presented, the court reaffirmed its holding in *Samuel* v. *Allen, supra,* quoting with approval the language which we have just set forth. In *North Stockton etc. Co.* v. *Fischer*, 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438], it was again held that a vendor, under a written contract of sale, who had demanded payment of the residue of the purchase price, might maintain an action for the balance due, after having tendered the deed, and recover the same, as in an action to recover a debt. In *Herman Kraft Co.* v. *Bryan,* 140 Cal. 73 [73 Pac. 745], the court again reaffirmed its holding in the case of *Samuel* v. *Allen, supra,* that an action could be maintained by a vendor for the purchase price without having resort to the lien retained by him as security for such payment. That an action for the purchase price is not purely local and does not involve anything embraced within the provisions of subdivision 1 of section 392 of the Code of Civil Procedure, the case of *Gallup* v. *Sacramento etc. Drainage Dist.*, 171 Cal. 71 [151 Pac. 1142], is directly in point. In that case, an agreement had been made between the property owners and the drainage district settling the amount to be paid by the drainage district to the property owner. The action was begun in Yolo County. The *situs* or residence of the defendant was in Sacramento County. The defendant demanded a change of venue. This was denied. The court

held, citing the cases to which we have referred, that it was
merely an action for the recovery of money and "in view
of the allegations of the complaint, construed in the light of
the provisions of the act, we are of the opinion that the
action cannot be held to be one for injury to real property
within the meaning of section 392 of the Code of Civil
Procedure." The order of the trial court denying a change
of venue was reversed. The appellate court of this state,
second district, in *Paramore* v. *Colby*, 45 Cal. App. 559
[188 Pac. 72], cited many authorities and held that "it ap-
pears to be settled law that such an action brought merely
to recover money due on the contract is an action at law."
In that case, the action was brought by the vendor to recover
unpaid installments due upon the purchase price of lands
on a contract entered into between the plaintiff and the de-
fendant. In *Amaranth Land Co.* v. *Corey*, 182 Cal. 66
[186 Pac. 765], in an action brought by a vendor for the
purchase price of lands, the cases which we have cited were
affirmed, and the court again said: "A vendor retaining the
legal title to land sold may waive his security and bring
an action at law for the purchase price, or file his bill in
equity for the specific performance of the contract." The
action in that case was held to be simply an action for a
debt due. If the action were one for specific performance,
the remedy in this case would be by the court laying hold
of the defendant and compelling him to perform the cove-
nants of his contract, which, of course, under the decisions
which we have cited herein, is a mere personal action as
against him and is enforceable against the defendant person-
ally, or by judgment of debt against his property, and does
not in anywise trench upon the title of the land agreed to be
sold. The court does not deal with it in such case. It deals
only with the defendant and requires him to perform the
covenants of his agreement, to wit, pay the amount of the
purchase price. It follows from what we have said, based
upon the authorities cited, that the action in the instant
case is purely transitory and not local, and the defendant
having made such showing as the statute requires clearly
establishing his residence in the city and county of San
Francisco, at the time of the institution of this action, at
the time of the service of summons, and also at the time of

his demand for a change of venue, the order of the trial court should have directed such change.

The order of the trial court denying the defendant's motion for a change of the place of trial is hereby reversed.

Hart, J., and Finch, P. J., concurred.