[Civ. No. 5127.   First Appellate District, Division One.—March 2, 1926.]

JOHN WORK et al., Appellants, v. ASSOCIATED ALMOND GROWERS OF PASO ROBLES (a Corporation), Respondent.

[1] PLACE OF TRIAL—TRANSITORY ACTION—RIGHT OF CORPORATION.— A corporation has the right, the same as an individual, to have a transitory action tried in the county of its residence when a proper showing is made.

[2] ID.—NATURE OF ACTION—HOW DETERMINED.—In determining the nature of an action, resort must be had to the averments of the complaint, and the character of the judgment which might be rendered upon a default.

[3] ID.—TITLE TO LAND—LOCAL ACTION—JURISDICTION—JUDGMENTS.— In order to give a court power, under subdivision 1 of section 392 of the Code of Civil Procedure, to change the place of trial, it must appear that title to land will be directly affected by the judgment of the court, and it will not suffice for it to be incidentally, collaterally, or even necessarily inquired into, if the judgment can be satisfied by the payment of money.

[4] ID.—ACTION TO RECOVER PURCHASE PRICE OF LAND—PLEADING— SPECIFIC PERFORMANCE.—An action to recover the purchase price of land is not a local action and may be brought in a different county from that in which the land is situated; and the fact that the prayer of the complaint asks that defendant be required to specifically perform its obligation does not in any manner alter the situation.

[5] ID.—DEBT ACTION.—An action which has for its object the mere recovery of money is essentially an action for debt and therefore transitory and not local.

[6] ID. — ACTION AGAINST CORPORATION—MONEY JUDGMENT — PROPER TRANSFER.—An action to recover the purchase price of land from a corporation is properly transferred to the county of its residence, even though it is commenced in the county where the

1.   See 7 Cal. Jur. 126.
2.   See 25 Cal. Jur. 855.
3.   See 27 R. C. L. 794.
4.   See 25 Cal. Jur. 872; 27 R. C. L. 802.
5.   See 5 Cal. Jur. 872.

land is situated, where from a reading of the complaint the only relief sought is a money judgment.

---

(1) 14a C. J., p. 791, n. 34; 40 Cyc., p. 63, n. 33, p. 96, n. 79, p. 107, n. 52, p. 118, n. 43.    (2) 1 C. J., p. 995, n. 88, 89; 14a C. J., p. 795, n. 99; 40 Cyc., p. 103, n. 18 New.    (3) 40 Cyc., p. 58, n. 99, p. 59, n. 2, 3, p. 63, n. 31, 32.    (4) 40 Cyc., p. 59, n. 5 New.    (5) 40 Cyc., p. 105, n. 28.    (6) 40 Cyc., p. 128, n. 51.

APPEAL from an order of the Superior Court of Monterey County granting a motion for change of place of trial.   J. A. Bardin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. F. Lacey for Appellants.

W. G. Griffith for Respondent.

TYLER, P. J.—Appeal from an order granting a motion for change of place of trial.

The action was brought by plaintiffs as vendors against the defendant as vendee, to recover the balance of the purchase price due under a contract for the sale of certain lands together with interest and an amount due for taxes paid.

The complaint recites in substance that plaintiffs entered into an agreement on July 14, 1919, with one Albert Mac-Rae, by which they gave to him an option to purchase from them certain real property situated in Monterey and San Luis Obispo Counties, comprising some 6,028.15 acres.   By the terms of the agreement the price of the land was $45 per acre.   MacRae assigned his interest in the contract to defendant herein, Associated Almond Growers of Paso Robles, which agreed to perform it.   Prior to the commencement of this action defendant exercised the option and had paid upon the purchase price with interest the sum of $281,388.69, leaving a balance due plaintiffs of $38,404.90. Subsequent to the assignment from MacRae to defendant it was agreed that in the event of the exercise of the option the real property should be conveyed to the Santa Barbara Trust Company.   Plaintiffs then allege that they have fully kept and performed their part of the agreement and have tendered a deed to the trust company properly executed and

have demanded of the defendant the balance due on the purchase price, together with other sums also due, and that the trust company has refused to accept the deed and defendant has likewise refused to pay the balance due the plaintiffs.

The prayer is for judgment against defendant for the sum of $38,404.90, with interest; that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by plaintiffs and for general relief.

Defendant demurred to the complaint and it also filed its demand for a change of place of trial to the county of Santa Barbara, where it alleged it had its principal place of business and residence. This motion came on regularly for hearing and the parties stipulated that the contract which formed the basis of the action was made and executed outside the county of Monterey and that the principal place of business of Santa Barbara Trust Company was in the county of Santa Barbara. It was likewise conceded that the principal place of business of defendant was also in that county.

The court made an order granting defendant's motion for a change of venue, from which order this appeal is taken.

It was and is plaintiffs' contention that the action is local in character and comes within the provisions of subdivision 1 of section 392 of the Code of Civil Procedure, which provides that actions for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest or for injuries to real property shall be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided in the Code of Civil Procedure.

Defendant, on the other hand, claims in support of the order that the action is transitory and not local and that the defendant corporation has the right, the same as an individual, to have the action in the county of its residence.

[1] That a corporation has this right when a proper showing is made there can be no question. (*Grocers' etc. Union* v. *Kern Co. Land Co.,* 150 Cal. 466 [89 Pac. 120].)

[2] In determining the nature of an action, resort must be had to the averments of the complaint, and the character

of the judgment which might be rendered upon a default. (*McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239].)

[3] In order to give a court power under a statute of the character here involved, to change the place of trial, it must appear that title to land will be directly affected by the judgment of the court; and it will not suffice for it to be incidentally, collaterally or even necessarily inquired into, if the judgment can be satisfied by the payment of money. (27 R. C. L., sec. 15, p. 794; 40 Cyc. 63.)

Here it is manifest from the allegations of the complaint and from the prayer that the object of the action and the relief sought is to obtain a money judgment. There is nothing in the complaint which asks for any remedy connected with the property. On the contrary, plaintiffs pray that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by the plaintiffs. The title or any interest in the land which was the subject of the sale is therefore in no manner involved and the judgment sought, if obtained, will not directly operate upon it.

[4] It has been frequently held in this state that an action to recover the purchase price of land is not a local action and may be brought in a different county from that in which the land is situated. (*Samuel* v. *Allen,* 98 Cal. 406 [33 Pac. 273]; *Terry* v. *Rivergarden Farms Co.,* 29 Cal. App. 59 [154 Pac. 476]; *North Stockton etc.* v. *Fischer,* 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438]; *Gallup* v. *Sacramento Drainage Co.,* 171 Cal. 71 [151 Pac. 1142]; *Paramore* v. *Colby,* 45 Cal. App. 559 [118 Pac. 72].) Nor does the fact that the prayer of the complaint asks that defendant be required to specifically perform its obligation in any manner alter the situation. (*O'Gorman* v. *Wachter,* 71 Cal. App. 266 [235 Pac. 57].)

It is manifest from a reading of the complaint that the only relief sought is a money judgment. [5] An action which has for its object the mere recovery of money is essentially an action for debt and therefore transitory and not local. (*O'Gorman* v. *Wachter, supra.*) [6] The instant action not being within the limitation of the section relied upon, the provision cannot be invoked against de-

fendant. The case was therefore properly transferred to the county of the residence of the defendant.

The order appealed from is affirmed.

Knight, J., and Cashin, J., concurred.