[Civ. No. 12787. Second Appellate District, Division Two.—December 30, 1940.]

PACIFIC CONSTRUCTION FINANCE CO., LTD. (a Corporation), Appellant, v. SAMUEL E. KRAMER, Respondent.

Ira Ratner for Appellant.

T. H. Canfield for Respondent.

McCOMB, J.—From an order granting defendant's motion for a change of venue of an action from Los Angeles

County to Santa Barbara County on the ground that defendant was a resident of the latter county, plaintiff appeals.

The complaint in two counts alleged that plaintiff and defendant had entered into a contract in the city of Los Angeles. The first cause of action is predicated upon defendant's failure to pay plaintiff a commission alleged to be due, pursuant to the contract, and the second cause of action is for damages resulting from breach of the alleged contract by defendant.

■ This is the sole question necessary for us to determine:

*Under section 395, subsection 1 of the Code of Civil Procedure, was the venue of the action in Los Angeles County where the contract, which was the basis of the suit, was alleged to have been made?*

This question must be answered in the affirmative. Section 395, subsection 1 of the Code of Civil Procedure provides that the proper county for the trial of an action founded on an obligation predicated upon a contract is, among others, the county "in which the contract in fact was entered into". Since it is a conceded fact in the present case that the contract which is the basis of the instant action was in fact entered into in Los Angeles County, such county was the proper county for the trial of the suit.

■ There is no merit in defendant's contention that the complaint was vulnerable to a demurrer, and that, therefore, the motion for a change of venue to the county of his residence was properly granted, since any objection thereto could have been cured by amendment to the complaint (*Miratti* v. *Banca Popolare Fugazi*, 99 Cal. App. 1, 7 [277 Pac. 905]). Nor do we find any merit in defendant's contention that Santa Barbara County was the proper county for the trial of the action, for the reason that in the determination of the present action title or an interest in real property located in Santa Barbara County would necessarily become an issue in the case.

■ The rule is established that the trial court has no power under section 392 of the Code of Civil Procedure to change the place of trial to a county where real property is located, unless it appears that title to the land will be directly affected by the judgment of the court. It is not sufficient for the title to the land to be incidentally, collaterally, or even necessarily inquired into if a judgment, if any, as in

the present case, can be satisfied by the payment of money (*Work* v. *Associated Almond Growers*, 76 Cal. App. 708, 711 [245 Pac. 790]).

For the foregoing reasons the order is reversed and the action is ordered retransferred to Los Angeles County for the purpose of trial.

Moore, P. J., and Wood, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied on February 24, 1941.