[Civ. No. 13064.   First Dist., Div. One.   Sept. 17, 1946.]

L. RENCH, Appellant, v. JOSEPH W. HARRIS et al., Respondents.

Marvin C. Hix for Appellant.

Nathan G. Gray for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from an order changing the place of trial from the city and county of San Francisco to the county of Alameda.

The complaint alleged that defendants are the owners of certain real property located in San Francisco; that in June, 1944, plaintiff submitted a plan and scheme to defendant Joseph W. Harris whereby the rental from said real property would be substantially increased; that plaintiff and defendants then agreed that the plan would be put into operation and that ''plaintiff should have an interest in any leasehold rights thereafter obtained''; that a lease was thereupon made at such increased rental but that defendants refused to account to plaintiff for any part thereof and claim that plaintiff has no interest in or to any part of said rental; that plaintiff claims that he is part owner of such lease and the rents collectible thereunder and ''claims to be by reason thereof an owner of an interest in such real property.''

The defendants demurred to this complaint, and at the same time served and filed a notice of motion to remove this case from the city and county of San Francisco to the county of Alameda, which notice of motion was supported by an affidavit of merits. This affidavit contained the usual averment as to a meritorious defense, and that the defendants were residents of Alameda County at the time of the commencement of this action, and also contained the following: ''That affiant is the sole owner of the real property described in the complaint on file herein, and that his wife, Celia Harris, has never

had nor does she now have any right, title or interest therein, nor any right, title, or interest in any rents, issues, or profits derived or to be derived therefrom; that all conversations, negotiations, or any contract alleged to exist between the plaintiff and defendants were had and entered into in the County of Alameda, State of California, and that no contract or [sic] any kind or nature relating to any of the matters alleged in the complaint was made or entered into between plaintiff and defendants, or either of them, in the City and County of San Francisco, State of California, nor did these defendants, or either of them, ever enter into any contract with plaintiff relating to the matters alleged in the complaint which was to be performed by said defendants or either of them in said City and County of San Francisco, State of California; . . .''

Upon the hearing of the motion plaintiff presented an affidavit which stated: ''Denies that the defendants did not enter into a contract with plaintiff relating to the matters alleged in the complaint which was to be performed by the defendants or either of them in said City and County of San Francisco, State of California. Alleges that the contract and agreement alleged in the complaint could only be performed in the said City and County of San Francisco and no other place, as the interest in the property claimed is located in said City and County of San Francisco.''

Upon this appeal plaintiff contends that the action was a local one and for that reason was not properly transferred to Alameda County, and contends further that the action, even if not local, is one to be performed in San Francisco and was properly commenced in the city and county of San Francisco. We shall discuss these contentions in the order of their statement.

As was said by this court in the recent case of *Bybee* v. *Fairchild,* 75 Cal.App.2d 35, at page 36 [170 P.2d 54]: ''It is settled law that the question as to whether a cause of action is transitory or local 'must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations.' (*Neet* v. *Holmes,* 19 Cal.2d 605, 607 [122 P.2d 557], citing *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744], and *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931].)

''It is also well settled that the normal right of the

defendant is to have the action tried in the county of his residence. For the cause to be triable elsewhere the plaintiff must bring himself clearly within the terms of some statutory exception, and in this connection all ambiguities will be construed against the pleader to the end that a defendant shall not be deprived improperly of his fundamental right to have the cause tried in the county of his residence. (*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; see cases collected 25 Cal.Jur. § 13, p. 866.)''

In support of his first contention plaintiff quotes that portion of section 392 of the Code of Civil Procedure which reads: ''. . . the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest. . . .''

Plaintiff then argues that the complaint alleges an interest in a leasehold in property in San Francisco and that ''A leasehold is both an interest and estate in real property.'' He cites the cases of *Callahan* v. *Martin,* 3 Cal.2d 110 [43 P.2d 788, 101 A.L.R. 871], and *Chandler* v. *Hart,* 161 Cal. 405 [119 P. 516, Ann.Cas. 1913B 1094], but these authorities lend no aid to plaintiff's position as they merely reiterate the undoubted proposition that a lessee under an oil lease has an interest in real property.

Plaintiff also relies upon *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343 [202 P. 133], which was an action by the State of California to quiet title to real property and recover the rents, issues and profits thereof. In response to the argument of the attorney general that the action was in part transitory because of the demand for the rents, and in holding that the action should have been commenced in the county where the land was located, our Supreme Court said at page 350: ''On this point it is sufficient to say that the action in so far as it relates to rents, issues, and profits is essentially one to quiet title within the meaning of the constitution, because the right thereto depends upon the issue of title and an adjudication of the right to rents is necessarily determinative of the right to the land itself.'' However, as pointed out by the court, the right to the rents was merely incidental to the main issue in the case, which was the title to the property.

In the instant case the most that the complaint alleges is that in consideration for plaintiff's plan to increase rental, defendants promised to share with him whatever increased rentals might be procured. It does not appear that plaintiff was to have anything more than a contract right to a share of the increased rentals, and therefore plaintiff's rights would be against the defendant lessors and would not be an interest in the property from which the rents were to be realized. And, as hereinbefore pointed out, all uncertainties or ambiguities will be construed against the pleader to the end that a defendant shall not be deprived of his fundamental right to have the cause tried in the county of his residence.

In *Work* v. *Associated Almond Growers,* 76 Cal.App. 708, the court said at page 711 [245 P. 790]: "Here it is manifest from the allegations of the complaint and from the prayer that the object of the action and the relief sought is to obtain a money judgment. There is nothing in the complaint which asks for any remedy connected with the property. On the contrary, plaintiffs pray that defendant be required to accept or cause the trust company to accept delivery of the conveyance tendered by the plaintiffs. The title or any interest in the land which was the subject of the sale is therefore in no manner involved and the judgment sought, if obtained, will not directly operate upon it.

"It has been frequently held in this state that an action to recover the purchase price of land is not a local action and may be brought in a different county from that in which the land is situated. (*Samuel* v. *Allen,* 98 Cal. 406 [33 P. 273]; *Terry* v. *Rivergarden Farms Co.,* 29 Cal.App. 59 [154 P. 476]; *North Stockton etc.* v. *Fischer,* 138 Cal. 100 [70 P. 1082, 71 P. 438]; *Gallup* v. *Sacramento Drainage Co.,* 171 Cal. 71 [151 P. 1142]; *Paramore* v. *Colby,* 45 Cal.App. 559 [118 P. 72].) Nor does the fact that the prayer of the complaint asks that defendant be required to specifically perform its obligation in any manner alter the situation. (*O'Gorman* v. *Wachter,* 71 Cal.App. 266 [235 P. 57].)"

And in *Pacific Const. Finance Co.* v. *Kramer,* 42 Cal.App. 2d 190, the court said at page 191 [108 P.2d 723]: "The rule is established that the trial court has no power under section 392 of the Code of Civil Procedure to change the place of trial to a county where real property is located, unless it appears that title to the land will be directly affected by the judg-

ment of the court. It is not sufficient for the title to the land to be incidentally, collaterally, or even necessarily inquired into if a judgment, if any, as in the present case, can be satisfied by the payment of money (*Work* v. *Associated Almond Growers,* 76 Cal.App. 708, 711 [245 P. 790])."

We are convinced that plaintiff's contention that the cause of action set forth in his complaint is a local action under section 392 of the Code of Civil Procedure cannot be sustained.

■ Plaintiff's second contention is that the obligation was one which was to be performed in San Francisco and therefore should not have been transferred to Alameda County. Plaintiff asserts that the contract could only be performed in San Francisco.

The affidavit of defendant, hereinbefore set forth, alleged that "all conversations, negotiations or any contract alleged to exist between the plaintiff and defendants were had and entered into in the County of Alameda, State of California, and that no contract or [sic] any kind or nature relating to any of the matters alleged in the complaint was made or entered into . . . in the City and County of San Francisco. . . ." Plaintiff in his opposing affidavit merely denies that defendants did not enter into a contract which was to be performed in San Francisco, and alleges that the agreement could only be performed in San Francisco as the interest in the property claimed is located in San Francisco.

The applicable portion of section 395 of the Code of Civil Procedure reads as follows: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

Since it is the law that a ruling of the trial court upon issues of fact raised by conflicting affidavits is entitled, upon appeal, to the same weight as a finding on conflicting evidence as to issues of fact (1 Cal.Jur. § 23, pp. 680-1; 1 Cal.Jur. 10-Yr.Supp. § 23, p. 123), we are bound by the determination of the court below that the obligation was "incurred" in Alameda County and that there was no special contract that

it was to be performed in the city and county of San Francisco. There is therefore no merit in plaintiff's contention that he is entitled to have the action tried in the city and county of San Francisco by reason of the provisions of said section 395.

In view of the foregoing we conclude that the trial court correctly granted defendants' motion for change of venue to Alameda County, and that the order granting said motion should be and is hereby affirmed.

Peters, P. J., and Ward, J., concurred.