[Civ. No. 20190.   First Dist., Div. Three.   Apr. 6, 1962.]

GEORGE MARCACCI, Plaintiff and Respondent, v. CONTINENTAL BAKING COMPANY, Defendant and Appellant.

Littler, Mendelson & Saltzman, Robert Littler, Warren H. Saltzman and Phyllis S. Levin for Defendant and Appellant.

Lawrence Edwards and Charles H. Epperson for Plaintiff and Respondent.

DRAPER, P. J.—Defendant appeals from order denying its motion for change of venue. Since the order was made and the notice of appeal filed before the effective date of the 1961 code amendments, the order is appealable (Code Civ. Proc., § 963), and the writ procedure established in 1961 (Code Civ. Proc., § 400) is not available.

The complaint was filed in Solano County. It alleges that plaintiff purchased land in San Mateo and Contra Costa Counties, constructed a building on each parcel, and leased both to defendant corporation. It is alleged that one written lease fails to include agreed provisions for payment by defendant of taxes and insurance, and erroneously states the rental agreed to be paid if defendant exercises its option to renew. The other lease allegedly omits defendant's agreement to pay taxes and to pay an increased monthly rental for an addition made after original approval of plans. One cause of action seeks reformation of the San Mateo lease, payment of the additional amounts allegedly due plaintiff for the

period of defendant's occupancy to date, and specific performance of the lease as reformed. Another count seeks like relief as to the Contra Costa lease, and still another asks judgment for the amount assertedly expended for the addition to the Contra Costa building. Defendant filed a counterclaim and cross-complaint for damages for alleged defects in construction of the San Mateo building. Defendant moved for change of venue to San Mateo County, on the ground that the action is local in nature and must be tried in a county where one of the parcels of land is located. It is conceded that no jurisdictional issue (Cal. Const., art. VI, § 5) is involved, and that the question is wholly one of venue.

Here the pleadings agree that each lease required all payments to be made to plaintiff in Solano County. Thus that county is a proper one for trial (Cal. Const., art XII, § 16), unless this is a "local" action. If the action is local, however, defendant corporation is entitled to transfer of the cause to a county in which some part of the land lies (*Grocers' etc. Union* v. *Kern County Land Co.*, 150 Cal. 466, 474-476 [89 P. 120]).

To be local in this sense, an action must be one "[f]or the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest" (Code Civ. Proc. § 392 subd. (1)(a)). Concededly, this action is within the section only if it is for the determination of a right or interest in real property.

The complaint in no way seeks to determine the existence, extent, quality or amount of defendant's leasehold interest in either of the two parcels of real property. Rather, this interest is readily conceded by both parties. The action seeks reformation and specific performance only of the lease clauses relating to the payment of money by defendant. The leasehold interest is at most incidentally involved. It is the consideration for the rentals sought by plaintiff, but its extent and the fact of its transfer are not in issue.

An action in which the relief sought is personal, and in which title to or possession of real property is only incidentally involved, is transitory and not local (*Peiser* v. *Mettler*, 50 Cal.2d 594, 604 [328 P.2d 953]; *Neet* v. *Holmes*, 19 Cal.2d 605 [122 P.2d 557]). An action by a vendor for the purchase price of land is not within section 392 subdivision (1)(a) (*Work* v. *Associated Almond Growers*, 76 Cal.App. 708 [245 P. 790]), nor is an action by a vendor for specific

performance of a vendee's contract to purchase land (*O'Gorman* v. *Wachter*, 71 Cal.App. 266, 269 [235 P. 57]).

We are unable to distinguish the case at bar from those cited. The decision relied upon by defendant (*Franklin* v. *Dutton*, 79 Cal. 605 [21 P. 964]) is of no aid. Without giving any detail of the allegations of plaintiff seller's complaint for reformation of a contract for sale of land, it holds that the action is one for the determination of a right or interest in real estate. In the absence of any summary of the complaint we must, to reconcile this decision with those just cited, assume that the relief sought had to do with the extent or quality of the interest being sold to defendant. That is not the case here.

We conclude that the action before us is transitory and not local in nature. Thus the motion for change of venue was properly denied, and it is unnecessary to consider the effect of joinder of the cause of action for money damages only.

Order affirmed.

Salsman, J., and Devine, J., concurred.